The opinion of the Court was delivered by.
HugeR, J.
On the first ground I have felt some difficulty. The English decisions have latterly very much enlarged the circle of necessaries for an infant. In the case of Hands and Slaney, 8 T. R., it was decided, that a livery for a servant was necessary to an infant, who was an officer in the army. A case is said to have been decided by Mr. Baron Clarke, and referred to in Bull RF. P. 154, in which it was ruled, that sheep were necessary to an infant, who was a farmer. But with this case I am not satisfied, nor do the English Courts appear to have been satisfied with it. In-the case of Whywall v. Champion, Strange, 1083, it was ruled, that goods furnished an infant, who was a shopkeeper, were not necessary. And in the case of Birth v. Keighley, it was decided, that the work done for a glazier and painter, who was an infant, although done to articles in the way of his trade, was riot within the meaning of the term necessary. The object of the law is to guard the infant against his supposed indiscretion. To render him liable, however, for the contracts that may be supposed necessary to a farmer, a trader, or glazier, is to attribute to him a discretion which negatives the presumption of law. I am of opinion that the horse was not, in this case, such a necessary as entitled the plaintiff to a recovery.
On the second ground, I will only observe, that could the rule have been so far stretched as to include a horse within necessaries, the defendant would have been only liable for the value of the horse. The motion is, therefore, granted.
Coloook and .Richardson, JJ., concurred.
Johnson and Gantt, JJ., dissented.