## LEFILS & CHRISTIAN VS. SUGG.

Where no question of law is raised during the progress of the trial, nor motion made for new trial, no question is presented, by an exception overruled to the finding, for the consideration of the appellate court, as decided in *The State Bank vs. Conway*, 13 *Ark.* 344.

An infant is personally responsible for necessaries purchased by him; but his father is not liable in such case, unless upon a contract, express or implied, to pay for them. Such contract will not be implied from the fact that the father had given authority to his son to purchase an article of clothing, and had paid the amount of an account for goods sold the son, but which was not presented to and approved by him.

*Appeal from Union Circuit Court.*

Hon. SHELTON WATSON, Circuit Judge.

HARDY AND CARLETON, for the appellants, contended that the
18ʙʙ

appellee, by allowing his sons to trade for themselves for the year 1850, and by paying the account so made, constituted them in law his agents, and became liable to pay the account subsequently made by them with the same parties ; and cited *Story on Agency*, sec. 45 and 55; 2 *Kent Com.*, 614, 615; 2 *Greenl. Ev.*, sec. 65; 17 *Mass.* 98; 15 *East.* 34; 4 *Conn.* 288; and *McKenzie vs. Stevens*, 19 *Ala.* (*N. S.*) 691.

QUILLIN & LYON, for the appellee, contended that the case of *McKenzie vs. Stevens*, (19 *Ala.*,) referred to by the appellants, had no bearing on this case, because in that the account made by the son was paid *without objection*; and in this, the account paid by the appellee was not presented to him, nor was he told what was its character, but it was to have been shown to him subsequently.

That this is not such a case as this Court can review, and the rule in *State Bank vs. Conway*, 13 *Ark.* 344, applies.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

There are two grounds, upon either of which, the judgment here appealed from will have to be affirmed.

The case was submitted for trial to the Court sitting as a jury, who, after hearing the evidence, found for the defendant, "to which finding," as the bill of exceptions states, "the plaintiff excepted, but the Court overruled the exception, and gave judgment for the defendant." As no question of law was raised during the progress of the trial, nor any motion made for new trial, so as to enable this Court to review, in that mode, the verdict of the Court, or jury, if manifestly against the weight of evidence, or without evidence to support it, the case comes directly within the decision in the *State Bank vs. Conway*, (13 *Ark.* 344,) and nothing is presented for the consideration of this Court.

But as this course may have been adopted before the promulgation of that decision, and while the practice remained in a state

of uncertainty, it may be more satisfactory to consider the points argued, and intended to have been saved in the Court below, where, as in the *State Bank vs. Conway*, it can be done, without reversing the judgment. Supposing, then, the plaintiffs had moved for a new trial, there was a question of fact to be determined, by the Court or jury, upon evidence, which, to say the least of it, left the issue doubtful, and in such case this Court, according to its repeated decisions, will not invade the province of a jury by disturbing the verdict.

Really, no question of law is presented by the record. The one argued may be understood from the following state of facts, extracted from the testimony, set out in the bill of exceptions: Two minor sons of the defendant took up goods on a credit, to the amount of $47, from the store of the plaintiffs, in the year 1851, the same being, at the request of the boys, charged to account of their father. During the previous year, 1850, they had, in like manner, bought goods to the amount of $35, including a blanket coat, which one of the sons had bought there by direction of his father; and one of the plaintiffs, meeting with the defendant in New Orleans, called upon him for payment, without exhibiting the account, or telling him what it was for, or who got the goods, and he paid it with an assurance that the plaintiffs would show him the account on his return home, and make it right. That account was never shown to the defendant, and he did not call for it. He never gave the plaintiffs any order to let his sons have goods on his account, or any notice not to do so.

It does not appear whether the sons of the defendant were living with him, or away from home, or whether he knew that they had used, or worn the articles, from which any assent, on his part, to the purchase of them, could be inferred. There is no attempt to prove that the articles in the then situation, whatever it might have been, of the youths, were necessary for their subsistence or comfort, nor is there any evidence, as to the condition in life of the defendant, or conducing to show that the articles purchased by his sons were such as his means would afford, and suitable to

the style in which he lived. Adjudged cases are to be met with, the decisions in which appear to have been influenced by such circumstances.

But, on examination, all those cases are found to be based upon contract, express or implied, and are referable to the doctrine of agency, either by means of a prior authority, from the parent, or his subsequent ratification, notwithstanding some *dicta* favoring the idea that he may be sued, upon his implied obligation for necessaries, which any person may choose to furnish to the child in want of them. The father, if of sufficient ability, may be required to maintain his children, (*Rev. Statute, Title Apprentices, sec. 4; Ib. Title Insane Persons, sec.* 48,) and if not of sufficient ability, they are to be bound out; but, up to the time, when his refusal or neglect to do so justifies the supervision of the Probate Court, having jurisdiction of such matters, the manner of discharging this important duty, "So well secured by the strength of natural affection, that it seldom requires to be enforced by human laws," is left to his own discretion. Under ever varying circumstances, there can be no legal standard for necessaries, and it would be subversive of parental authority and dominion if interested third persons could assume to judge for the parent, and subject him to liability for their unauthorized interference in supplying the supposed wants of the child. See *Mortimore vs. Wright,* 6 *Mees. & Welsby* 482; *Gordon vs. Potter,* 17 *Vern* 350; *Raymond vs. Loyl,* 10 *Barb. Sup. Ct. Rep.* 484.

Conceding that the fact of paying a previous account, without objection or further enquiry, is admissible in evidence against the defendant, to prove a course of dealing, and a circumstance from which might be inferred a continuing authority to pursue it, still it is only a circumstance, and by no means a conclusive one. It is true the liability of the infant, being only for necessaries, as against him, that is the essential enquiry; while the liability of the parent, being upon the contract, that alone needs to be established. But when the authority of the infant, acting as agent, to bind the parent, has to be implied from a previous course of

dealing, it may become important to understand what that was, in order to ascertain whether the transactions be consistent. Because the infant has some authority, it is not necessarily unlimited in the amount or description of the goods, which he may take upon the parent's account. If the person supplying the infant must conform to an express authority, so he should endeavor to pursue an implied one, else there would be no protection for the principal. A direction to supply articles, which may be superfluous and extravagant, could not be inferred from the fact of paying previous accounts for such as may have been necessary or useful. Looking at the bill of particulars of the demand in suit, and in the absence of any proof to the contrary, it is not to be presumed that the bulk of the articles, for example, kid gloves, cologne, fiddle-strings, bridles and spurs, walking-canes, and powder-flask and caps, a silk cravat, and a silk and linen coat, were such as the boys needed, or their father would have ordered for them.

In the most favorable view of the case for the appellants, the judgment ought to be affirmed.