## HICKS ET AL. VS. BADHAM.

The questions of law arising upon a demurrer to the declaration, which has been over-
ruled by the court, will be considered as waived by filing a plea in bar.
(The case of *State Bank vs. Conway*, 13 *Ark.* 354, and subsequent cases, as to new
trials.)

*Appeal from Phillips Circuit Court.*

PALMER and WATKINS & GALLAGHER, for appellants.

FOWLER & STILLWELL, for appellee.

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of assumpsit instituted at the May term,
1855, of the Circuit Court of Phillips county by the appellee, for
the use, &c., against appellants, founded on a promissory note.
The plea of the general issue, *non-assumpsit*, was interposed by
the defendants below, and issue thereto joined by the plaintiff.
This issue was submitted to the court, sitting as a jury, by con-
sent, and there was a finding and judgment by the court in favor
of the plaintiff, for the amount of the note sued on, with interest.
There was an exception taken to the finding of the court upon
the evidence, and a bill of exceptions signed and sealed, purport-
ing to embody and contain all the evidence adduced at the trial,
but which we do not deem material to state, or farther notice, in
the view of the disposition which we shall make of the case.

There was a demurrer to the declaration interposed and over-
ruled by the court; to which, the defendants below excepted, but
having interposed their plea in bar afterwards, and not saving
the point by their bill of exceptions taken to the finding of the

court upon the evidence, the questions of law arising on such de-
murrer, must be considered as waived by their subsequent plea in
bar.

There was no motion for a new trial.

This case, therefore, falls fully within the rule laid down by
this court in *State Bank vs. Conway*, 13 *Ark. Rep.* 354, 355 ;
*Jones et al. vs. Gatlin*, 16 *Ark. Rep.* 35, and *Kinney et al. vs.
Heald*, just decided. *Lefils & Christian vs. Sugg*, 15 *Ark. Rep.*
137.

Judgment of the Circuit Court of Phillips county, is, therefore,
affirmed, with costs.

Absent, Mr. Justice Scott.