DORRELL *v.* HASTINGS.

INFANCY.—A plea of infancy is a good defense to an action to recover money paid at the request of the infant to relieve him from a draft for military duty.

APPEAL from the *Ohio* Circuit Court.

ELLIOTT, J.—Suit by *Dorrell*, the appellant, against *Hastings*, to recover $200, as money paid by *Dorrell* to one *Spielman*, for the use of *Hastings*, and at his special instance and request, and interest thereon amounting to $28; and, also, $25 for expenses and services in going to *Indianapolis* for said *Hastings*, and at his request.

It is alleged in the complaint that *Hastings* and others entered into a written contract with said *Spielman*, by which the latter agreed to furnish ten or twelve recruits for the army of the *United States*, to fill the quota of *Cass* township, in *Ohio* county, in this State, to relieve the township from the then pending draft; in consideration of which said *Hastings* and others agreed to pay *Spielman* $540 for each of said recruits; that *Spielman* furnished the recruits according to the contract, and thereby relieved the township from the draft; that *Hastings* had been drafted from said township, but was relieved therefrom by the recruits furnished by *Spielman*, and thereby became liable to pay him the sum of $540; that he did pay $340 of said sum, and requested the plaintiff to pay for him to said *Spielman*, $200, the residue thereof, which the plaintiff then did; and in consideration thereof *Hastings* promised to refund said sum to the plaintiff immediately thereafter, which he had failed to do.

The defendant answered, alleging payment, and, in a separate paragraph, that at the date of the alleged promises he was an infant, under the age of twenty-one years, to-wit, of the age of twenty years.

To the paragraph of infancy the plaintiff replied:

1. That at and before the time of making said promises, the defendant had been and was in the habit of acting and contracting for himself, and was liable to pay said money, because it was paid to relieve him from the draft.

2. That at the time of making said promise the defendant was acting with the knowledge and by the consent of his legal guardian.

The court sustained a demurrer to the reply, to which the plaintiff excepted. The plaintiff refusing to reply further, judgment was rendered for the defendant.

It is not insisted in the appellant's brief that either paragraph of the reply is good; but it is said that the answer of infancy is bad, and that a bad reply is good enough to a bad answer. No particular objection to the answer is pointed out, or reason given why it is not good, and we are not able to discover any. We are not aware of any authority that would justify us in holding that money paid to relieve an infant from a military draft to which the law subjects him, comes within the exception of necessaries. Upon principle, we think it clear that it does not.

The judgment is affirmed, with costs.

*D. S. Major*, for appellant.

*A. C. Downey*, for appellee.

