DANIEL T. JORDAN v. HENDERSON COFFIELD and wife, MARY E.

Necessaries for which an infant may become liable, not only includes such articles as are absolutely necessary to support life, but also those that are suitable to the state, station and degree of life of the person, to whom they are furnished.

The plaintiff, a merchant, furnished the *feme* defendant during her infancy and just before her marriage, with certain articles, among which was her bridal outfit, and a chamber set: *Held*, that it was not error i he Judge below to charge the jury, if they believed that the articles furnished, were actually necessary and of a fair and reasonable price, the plaintiff was entitled to recover.

The obligation of the mother is not the same as that of the father to support infant children; and the weight of authority both in this country and in England, is against the liability of the mother to this burden, except under peculiar circumstances.

(The cases of *Smith* v. *Young*, 2 Dev. and Bat. 26; *Hyman* v. *Cain*, 3 Jones, 111, cited and approved.)

CIVIL ACTION, commenced in a Justice's Court, from whence it was carried by appeal to the Superior Court of CHOWAN county, where it was tried before *Albertson, J.*, at Fall Term, 1872.

Plaintiff seeks to recover from defendants an account for $104.25 with interest, under the following state of facts:

The defendant Coffield and wife, Mary E., (formerly Mary E. Gaskins,) intermarried in January, 1870; and the account of the plaintiff, the basis of this action, is for necessary articles furnished the wife just before her marriage, consisting of her bridal outfit, and among other things a suite of chamber furniture, costing $55; all which articles were received and used by defendants, and still are in their service and use, except such of the same as are worn out.

It was proved that the defendant, Mary E., was the daughter of John and Mary P. Gaskins; that John died intestate in 1864, leaving a widow and two children, the *feme* defendant

and a younger sister; that up to 1869, articles furnished the *feme* defendant and her sister, by the plaintiff, who was a merchant in Edenton, were charged to the mother; but since 1869, the plaintiff charged whatever was purchased by or for them, directly to themselves; for the reason that he knew that the mother was in embarrassed circumstances, owing him at the time a debt of several hundred dollars, to secure which he had to purchase a mortgage made by her to another person. When the mother died in the Fall of 1871, her estate was insolvent. The plaintiff further proved, that at the time he changed the manner of charging the articles purchased by the *feme* defendant and her sister, he informed her and her mother of the fact; and that after being so informed, she, the *feme* defendant, sent for him and ordered the goods charged in the account sued upon; that the articles were necessaries, and suitable for a person in the social condition of the defendant, Mary E., and that payment therefor had been frequently demanded and refused. The plaintiff's clerk testified to the same thing as to the goods being necessaries, and further, that he delivered and charged the most of them himself, and that the account was correct.

On the part of the defendant, it was proved, that at other stores in Edenton, articles furnished the *feme* defendant and her sister was charged to the mother; that they, the daughters, had no other estate than an interest in land descended from their father, upon which the mother had dower, and from which they derived no income; that there was $1,000 in the hands of an attorney in Tennessee belonging to the sisters, and that their mother, who was administratrix of her deceased husband, had recovered some $840 belonging to the estate, and in 1868 another $1,000; and that the estate was worth about $4,000, all of which facts were known to the parties.

Upon the cross-examination, the plaintiff showed, that the accounts referred to were for small amounts, some of which were still unpaid. Other witnesses proved that the credit of the mother in 1869–'70 was failing, whilst some testified that in 1869 she was regarded as solvent. The defendant, Coffield,

swore that no demand for the payment of the account had ever been made on him ; on his cross-examination he stated that the articles charged were now in the possession and use of himself and wife. It was also proved, that the bond of the administratrix, the mother, was worthless.

His Honor charged the jury, that if they believed that the articles furnished by plaintiff, were actually necessary, and of a fair and reasonable price, then the plaintiff was entitled to recover. Defendants excepted.

The jury returned a verdict in favor of the plaintiff, for the sum of $123.21, of which $104.25 is principal money, bearing interest from the 18th day of November, 1872. Judgment in accordance with the verdict, and appeal by defendants.

*Gilliam & Pruden* and *Smith & Strong,* for appellants.

*A. M. Moore,* contra :

1. What are necessaries, is a mixed question of law and fact. *Smith* v. *Young,* 2 Dev. & Bat., 26.

2. The defendant Mary, *dum sola* was liable. *Dalton* v. *Gib,* 5 Bing. N. C., 83 ; *Bradshaw* v. *Eaton,* 5 Bing. N. C., 99 ; *Hyman* v. *Cain,* 3 Jones' Law, 111, is also in point. Parsons on Contracts, chap. 17, sec. 3 ; *Hussey* v. *Rountree,* Busb. 110, will not apply in our case ; this defendant had no guardian.

3. As to liability of mother to pay the debt, she was not responsible. Parsons on Contracts, pp. 308 and 309 ; *David* v. *Howard,* 4 Mass. 97.

4. No point as to liability of the husband was made in Court below. If his liability for debt of his wife contracted *dum sola,* is to be considered in this Court, it is submitted, that since his marriage he has retained, and now retains, a set of chamber furniture, worth $55, in his possession.

That in any event, any debt contracted by his wife, and for which she was liable, can be collected from him ; the statute in regard thereto having become a law since this contract and judgment.

Does the Constitution of 1868 effect any change ? Previous to that time the husband only became entitled to personal property, on condition, he reduced the same into possession. The idea that the husband was liable simply because he acquired the property of the wife by marriage, is hardly consistent with the law. Suppose the wife had no property. The husband was still liable for her debts contracted *dum sola.*

Settle, J. The plaintiff, who is a merchant, furnished to the *feme* defendant certain articles, just previous to her marriage, consisting of a chamber set and other articles, constituting her bridal outfit, amounting in all to the value of one hundred and four dollars and twenty-five cents. It is conceded that the chamber set is still in the possession and use of the defendants.

To the plea of infancy, the plaintiff replies, necessaries.

The evidence in regard to the estate and degree of the *feme* defendant is set forth in the record.

His Honor charged, that if the jury believed the articles furnished were actually necessary, and of a reasonable price, the plaintiff was entitled to recover. The record simply states that the defendant excepted. But we see no objection to this charge.

In *Smith* v. *Young,* 2 Dev. & Bat., 26, Daniel, J., states the rule governing such cases with great clearness. He says : "The question whether necessaries or not, is a mixed question of law and fact, and as such should be submitted by the Judge to the jury, together with his directions upon the law ; whether articles furnished to an infant are of the classes for which he is liable, is matter of law ; whether they were actually necessary and of reasonable price, is matter of fact for the jury."

In addition to the authorities cited by the learned Judge, in support of this proposition, we would add the recent case of *Ryder* v. *Wombwell,* decided in the Court of Exchequer, and reported in Law Reports of 1868–'9, page 31.

His Honor is to be understood as holding the articles fur-

8

nished to be of the class for which the defendant would be liable, and it appears from the record that there was evidence, which was well left to the jury, and from which they might have properly found that the articles were necessary to one in the degree and condition of the defendant, and that they were of reasonable price. There is an exception to the general rule, that an infant is incapable of binding himself by a contract made, not in favor of tradesmen, but for the benefit of the infant himself, in order that he may obtain necessaries on a credit. As is well said in *Hyman* v. *Cain*, 3 Jones, 111, "infants had better be held liable to pay for necessary food, clothing, &c., than for the want of credit, to be left to starve."

Nor are we to understand by the word necessaries, only such articles as are absolutely necessary to support life, but it includes also such articles as are suitable to the state, station and degree in life of the person to whom they are furnished. *Peters* v. *Fleming*, 6 M. & W., 46.

Although the point is not distinctly made, upon the record, yet it would seem that the defendant relies somewhat upon the idea that her mother was bound to support her, notwithstanding the fact that she had some estate of her own. The obligation of the mother is not the same as that of the father to support infant children, and the weight of authority, both in this country and in England, is against the liability of the mother to this burden, except under peculiar circumstances. 1 Parsons on Con., 5th ed., p. 308.

Let it be certified that there is no error.

PER CURIAM.                    Judgment affirmed.