## W. S. Epperson, guardian, etc. *v.* W. L. Nugent.

1. Infant. *Necessaries. Counsel fees. Exceptional case.*
   An infant is not generally bound for counsel fees as necessaries; but where there is no guardian, the infant's estate is liable for the fees of counsel whose services contributed to secure it.

2. Same. *Chancery. Jurisdiction.*
   The Chancery Court in which a guardian is subsequently appointed has, under our system (Const., art. 6, § 16; Code 1871, § 976), jurisdiction of a petition to ascertain proper compensation, and decree its payment out of the infant's estate.

Appeal from the Chancery Court of Yazoo County.

Hon. E. G. Peyton, Chancellor.

The appellant demurred unsuccessfully to the petition of the appellee, filed in the court in which the former was appointed guardian, to subject the ward's estate to liability for counsel fees earned by the latter by the recovery thereof for the infant, before the appointment of a guardian.

*W. S. Epperson*, the appellant, *pro se.*

The infant could not of course contract for the services of a lawyer, and having no guardian no express contract was made with the appellee. His appearance in the Supreme Court with other counsel, *Vaughan* v. *Bunch*, 53 Miss. 513, if considered as "necessaries" furnished the infant, is a demand resting in an implied contract for the reasonable value of the services. The jurisdiction is claimed under Code 1871, § 976, and the later decisions, beginning with *Bank of Mississippi* v. *Duncan*, 52 Miss. 740, and ending with *Buie* v. *Pollock*, 55 Miss. 309. But it is doubtful if the "original dimensions" of the Chancery Court, mentioned in the latter case, enable it to hear and determine a case like this. 1 Parsons on Contracts, 296, 297; Tyler on Infancy and Coverture, §§ 73, 76. The solicitor has his remedy by suit at law for his fee in this as in other cases. *Re Southwick*, 1 Johns. Ch. 22; *Stewart* v. *Flowers*, 44 Miss. 513; 2 Greenl. Evid. § 365. The appellant has a right to trial by jury, which the Chancery Court is not bound to allow. Code 1871, § 1032. Although the opinion of this court in *Smith* v. *Everett*, 50 Miss. 575, 581, has been overruled, yet it properly states that, "the equity

jurisdiction conferred upon the Chancery Court by the existing constitution cannot be enlarged by legislative enactment; common-law powers cannot be thus given to it."

*Robert Bowman*, on the same side.

This suit is against the infant, not the guardian, and is on the infant's contract, not the guardian's. Infants are sued in the same manner as adults. Tyler on Infancy and Coverture, 121, 175, 185, 203. An infant can be bound by no contract except for necessaries, 1 Parsons on Contracts, 313; within which class attorneys' fees do not fall. Weeks on Attorneys, § 342. It is a question for the court whether the articles furnished are within the class of necessaries, but a jury must pass on their adaptation to the infant's wants. *Peters* v. *Fleming*, 6 M. & W. 42. It follows that the Chancery Court had no jurisdiction of the case, and that the petitioner failed to state a case entitling him to the relief prayed. This is not altered by Code 1871, § 976, which provides that the court in which a guardian has been appointed shall have full power and jurisdiction to hear and determine all questions in relation to the execution of his trust, and all demands against the estate, because the implied contract sought to be enforced was with the infant, and the guardian has no fund upon which the appellee has a lien. This construction is recognized in *Buie* v. *Pollock*, 55 Miss. 309. Chancery Courts have gone no farther than to order, when a fund is in court as the result of litigation, that the solicitors by whose services it was realized be paid therefrom. *Methodist Church* v. *Jaques*, 3 Johns. Ch. 1. The court will control and direct a trust fund. *Roundell* v. *Currer*, 6 Ves. 250; *Shortbridge's Case*, 12 Ves. 28. But here there is neither a trust fund nor a lien on the property for the fee. *Stewart* v. *Flowers*, 44 Miss. 513.

*W. L. Nugent*, the appellee, *pro se*,

Reviewing the cases referred to in Weeks on Attorneys, § 342, contended that they did not support the text. The ordinary fees of an attorney for the prosecution of an infant's rights to property cannot generally be said to be necessaries; but when such services are requisite for the personal relief, protection, and support of the infant, the case is changed.

*Munson* v. *Washband*, 31 Conn. 303. If an impecunious infant
has rights to property which, if recovered, would supply him
food and make him a useful citizen, he should not starve be-
cause "his rights are not prejudiced" and because "he ought
to have a guardian." It is not wonderful that Bacon and
Coke took no notice of attorneys, who in their day were not
allowed or expected to exact compensation; but the words
they use, "necessary meat, drink, apparel, physic, and such
other necessaries," (5 Bac. Abr. 118), imply that the term is
flexible, and the courts in future ages are left to say, in each
case as it arises, what is necessary. *Breed* v. *Judd*, 1 Gray,
455; 1 Comyn on Contracts, 156; *Clarke* v. *Leslie*, 5 Esp. 28;
*Helps* v. *Clayton*, 17 C. B. N. s. 553; 2 Greenl. Evid. § 365.

CAMPBELL, J., delivered the opinion of the court.

The liability of an infant for necessaries is based on the
necessity of his situation. As he must live, the law allows to
any one supplying his wants a reasonable compensation. The
law implies the promise to pay from the necessity of his situa-
tion. What are "necessaries" cannot be determined by any
arbitrary and inflexible rule. It depends on circumstances, and
each case must be governed by its own. It is stated in the
books that the wants supplied must be personal to the infant,
either for the body or the mind, in order to come within the
description of necessaries, and that counsel fees and expendi-
tures in a lawsuit are generally excluded. This is, no doubt,
the general rule, and for an obvious reason. Usually an infant
who has an estate has a guardian, who may and should engage
and pay counsel, where the interests of the infant committed
to his guardianship require it.

When an infant has no guardian, but has rights involved in
litigation, and a lawyer has espoused the cause of the infant
and devoted his services to the protection of the interests of
the infant in such litigation, and as the result of the litigation
an estate has been secured to the infant, it is just and proper,
and within the principle on which an infant is held liable for
necessaries, that the reasonable fees of such counsel should be
paid out of the estate thus obtained. If the infant had had a
guardian who had employed and paid counsel, he would have

been entitled to reimbursement out of the estate of his ward for the reasonable fees so paid, to be allowed on settlement by the Chancery Court. Shall the fact that the infant had no guardian, until the acquisition of the estate involved in the litigation in which the services of counsel were rendered made one necessary, deprive counsel of just compensation? We say, no! It will operate for the benefit of infants to allow just compensation for counsel fees and expenditures in their behalf in maintaining their rights in litigation which results in securing to them the means of supplying their wants. In *Pugh* v. *Dorsey*, 8 S. & M. 379, the jurisdiction of the Chancery Court to decree compensation to a lawyer who had rendered his services, as such, to minors was denied, on the ground that his remedy, if any, was at law. At that time the Probate Court had exclusive jurisdiction of minors' business, and the Chancery Court had nothing to do with minors as such. Now the Chancery Courts have jurisdiction of minors' business, and "of all demands against the same." Const. art. 6, § 16; Code 1871, § 976.

The petition prays that the court shall ascertain what is a proper compensation for the services of the petitioner, and direct its payment by the guardian out of the estate of the minor, which the services of the petitioner contributed to secure. The court to which this application is made has jurisdiction of the person and estate of the minor, and is the appropriate tribunal to determine the matter brought before it by the petition. The case made by it commends itself to favorable consideration from the exceptional circumstances it presents.                    *Decree affirmed.*