HICKMAN and WELLS, Appellees, v. ANNA McDONALD and J. A. BRADFORD, Appellants.

**Contracts of infants:** NECESSITIES: ATTORNEY'S SERVICES: SETTLEMENT OF SUIT. Assuming that the contract of a minor for legal services is a contract for necessities, within the meaning of the statute, the character of the obligation is not affected by the fact that the attorney also acts as agent in a settlement of the controversy. Thus the settlement of a suit for seduction, which was ratified both by the minor and her father as next friend, was a contract for necessities by which the minor was bound.

**Same:** ATTORNEY'S SERVICES: REASONABLE VALUE. Although a minor, as an abstract proposition, may only be liable for the reasonable value of an attorney's services, that fact will not relieve against a contract liability therefor, where the evidence shows that the reasonable value and the contract amount are the same.

**Same:** ATTORNEY'S LIEN: RECOVERY. Where attorneys were employed upon a contingent fee dependent upon the amount collected, and secured a settlement of the claim taking a note and mortgage as security payable to their client, but retained the possession thereof and claimed a lien thereon, a subsequent compromise settlement between the mortgagor and their client would not affect their right to recover on the security to the extent of their interest.

Same:   ATTORNEY AND CLIENT:   REPRESENTATION OF PARTIES WITH AD-
VERSE INTERESTS.  Plaintiffs were employed to prosecute an action
for seduction and obtained a settlement, taking a note and mort-
gage as security.  Subsequently they brought suit to foreclose
the mortgage and establish their lien for services, making their
client and the mortgagor defendants.  Their client answered plead-
ing her minority at the time of the settlement, and that upon
reaching majority she disaffirmed the contract and repudiated the
settlement.  The mortgagor pleaded the same facts and also fraud
in obtaining the settlement, and that a subsequent settlement was
made with the seduced girl.  Both defenses were made solely in the
interest of the mortgagor.  *Held,* that the same attorneys ought
not to have represented both the defendants, as their interests were
adverse, and under the issues as made the court was powerless to
protect the rights of the girl.

*Appeal from Lucas District Court.*—HON. C. W. VERMILLION,
Judge.

SATURDAY, FEBRUARY 14, 1914.

SUIT in equity to establish a lien for attorneys' fees upon
a certain note and mortgage executed by the defendant Brad-
ford to the defendant Anna McDonald and to foreclose the
mortgage to the extent of plaintiffs' interest therein.  There
was a decree for the plaintiffs, and defendants appeal.—
*Affirmed.*

*W. W. Bulman,* for appellant.

*Hickman & Wells, pro se.*

EVANS, J.—The facts in this case are not materially in
dispute.  The plaintiffs are attorneys.  In August, 1911,
they were employed by the defendant Anna McDonald and
by her father in her behalf to prosecute an action for seduc-
tion against the defendant Bradford.  An agreement was
entered into whereby they were to take a contingent fee and
were to receive ''one-half of whatever they may collect by suit
or otherwise as they deem best.  If they collect nothing, they

are to get nothing.'' At that time the defendant was confined to her bed in confinement and was a minor, and did not attain her majority until October following. A suit was begun in her behalf by her father as her next friend and by the plaintiffs as her attorneys. Defendant Bradford was supposed to be about to depart from the county. His only property consisted of one-sixth interest in eighty acres of land, worth about $700. Having placed an original notice in the hands of the sheriff for service, one member of the firm went with the sheriff for the service thereof. He entered into a settlement with Bradford on behalf of his client for $600 and took his note therefor payable to his client and secured by a mortgage on all of Bradford's property. The settlement thus obtained was immediately reported to the client and to her father. The defendant McDonald at this point denies that she approved the settlement. We are satisfied, however, from the evidence beyond a reasonable doubt that both she and her father did approve it heartily. On October 7th following, being the day upon which the defendant McDonald attained her majority, she served upon the plaintiffs a written notice of disaffirmance of her contract on the ground of her minority. By the same notice she repudiated also the contract of settlement entered into with Bradford on the ground that it was unauthorized. The note and mortgage being at all times in the possession of the plaintiffs, they brought this action to establish and enforce their lien thereon. Both defendants appeared thereto by the same attorney. They filed separate answers. The answer of the defendant McDonald pleaded her minority and her disaffirmance and her repudiation of the settlement as unauthorized. The answer of the defendant Bradford adopted that of his codefendant, and further pleaded that the settlement was obtained by false and fraudulent statements, and that he had since fully settled and compromised the claim with his co-defendant. It appears in the evidence that the defendant Anna McDonald had received from Bradford the sum of $105 and

that she wanted no more.  The defense of both defendants
appears to have been made in the interest of Bradford alone.

I.    Section 3189 of the Code provides:  ''A minor is
bound not only by contracts for necessaries, but also by his
other contracts, unless he disaffirms them within a reasonable

time after he attains his majority, and restores
1. CONTRACTS OF
INFANTS:               to the other party all money or property
necessities:
attorney's serv-   received by him by virtue of the contract,
ices:  settle-
ment of suit.      and remaining within his control at any time
after his attaining his majority, except as otherwise pro-
vided.''  The first question that naturally arises is whether
legal service in such a case as here presented is a necessity
within the meaning of the statute.  The question is one
which we have never passed upon in this state.  For the
purpose of this case the defendants' counsel concedes the
legal proposition and concedes that legal service and advice
in a seduction case is a necessity within the meaning of the
statute.  Accepting this concession as sufficient for our pres-
ent purposes, we need not pass upon the question further than
to note that the concession made is in accord with the hold-
ing in many other jurisdictions.  *Munson v. Washband,* 31
*Conn.* 303 (83 Am. Dec. 151); *Epperson v. Nugent,* 57
Miss. 45 (34 Am. Rep. 434); *Anding v. Levy,* 57 Miss. 55
(34 Am. Rep. 435); *Barker v. Hibbard,* 54 N. H. 539 (20
Am. Rep. 160); *Crafts v. Carr,* 24 R. I. 397 (53 Atl. 275,
60 L. R. A. 128, 96 Am. St. Rep. 721).  It is the conten-
tion of appellant, however, that this attribute of necessity
cannot apply to a mere contract of agency, and that the
plaintiffs acted as agents only, and not as attorneys, in
making the settlement with Bradford.  That the plaintiffs
acted as agents is doubtless true, but they were agents in
the sense that all attorneys are agents for their clients
within the scope of their authority.  An attorney is neces-
sarily an agent.  Agency inheres in his relation to his client.
The plaintiffs were not divested of their character as attor-
neys, nor did they terminate their relationship as such, by

reason of their attempt to accomplish a settlement.  Granted that they could not compromise their client's claim without express authority, they were bound nevertheless to serve the interest of their client to the best of their ability, even to recommending a settlement, whether authorized to make it or not.  If they made a settlement in excess of their authority, the election rested with the client whether to repudiate or to ratify.  As already indicated, the settlement in this case was ratified both by the minor and by her father as next friend, and this disposes of the claim made in appellants' argument that the contract of settlement was repudiated as being unauthorized.

II.  It is urged that, even though the minor was bound for the services of her attorneys as for necessities, she was bound only for the reasonable value of such services, regard-

2. SAME: attorney's services: reasonable value.

less of any contract for a larger amount.  As an abstract proposition, there is much to be said in support of this contention.  In this case, however, the undisputed evidence shows the reasonable value of the services to be the same amount as that determined by the contract.  This state of the record, being conceded by appellants, leaves nothing to argue on the abstract proposition.

III.  It is urged on behalf of appellant Bradford that the agreement between the plaintiffs and their client could not be binding upon him and that he could not thereby be

3. SAME: attorney's lien: recovery.

precluded from maintaining his defenses to the notes and mortgage.  This contention may also be conceded, but it avails little to such appellant.  No evidence was offered in support of the defense of fraud.  The notes and mortgage were therefore valid as against him.  The defense of payment is proved to the extent of $105.  Whether such payment could be deemed a compromise in a legal sense is a different question.  It does not appear from the evidence that there was any infirmity in the paper or that there was any dispute concerning the same

between the two defendants. All that appears is that she
voluntarily relinquished her rights against him because of
her affection for him. Having reached her majority, it was
doubtless competent for her to waive her rights and to ac-
cept less than her due. But the plaintiffs had a lien upon
the paper in their possession and this could not be defeated
through any mere surrender by the client. So far there-
fore as it was in the power of Anna McDonald to surrender
the notes and mortgage to the defendant Bradford, he has
obtained the benefit of such surrender. The trial court
awarded a decree against him, only for the amount due the
plaintiffs, and not for the amount which would otherwise be
due to Anna McDonald.

IV. The position of Anna McDonald in this case is
unique and unusual and ought not to pass unobserved by us.
An answer was filed in her behalf which serves no function

4. SAME: attor-
ney and client:
representation
of parties with
adverse inter-
ests.

beneficial to her. Such answer serves no inter-
est except that of Bradford. She testified to
her affection for him and that she expected to
marry him. This was the reason for her sur-
render of her rights and it was not discreditable to her. The
trial herein was had more than one year after she had at-
tained her majority. The plans for the marriage were still
open and without date. The stipulation of settlement between
her and Bradford is in the record before us. Its terms afford
no protection to her. They were drawn in the interest of
Bradford alone. Perhaps this statement is too sweeping.
Bradford does agree therein to pay her doctor's bill and nurse
hire and to pay her for three months' loss of time at $3 per
week and an estimated doctor's bill for future attendance in
the sum of $35. This was entered into on the day the young
mother attained her majority. The expected marriage, the
manifestly controlling consideration for her surrender of her
rights under the mortgage, is not mentioned therein. Older
heads than hers will shake with suspicion that she has been

twice deceived and that her codefendant has used her affec-tion for his own protection alone.

. Under the circumstances shown, we think that the same attorney ought not to have represented both of these parties in this litigation either in the lower court or here.

Under the issues as made, the allegations of the answer of the defendant McDonald were more hostile to her interest than were the allegations of the petition. The court therefore has had no opportunity to protect her rights. The costs of this case will be taxed to the defendant Bradford, alone.—*Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.