### JOHNSON v. NEWBERRY.
### (No. 478–3951.)

(Commission of Appeals of Texas, Section B. Dec. 20, 1924.)

**I. Infants ⬡102—What constitutes necessary is mixed question of law and fact.**

What constitutes a necessary is a mixed question of law and fact.

**2. Infants ⬡50—Lodging is necessary, for which minor may be bound.**

Lodging is one class of necessaries for which minor may be bound.

**3. Infants ⬡102—Kind of lodging necessary for minor is question of fact for jury.**

As to what particular kind of lodging is necessary for minor is inquiry of fact for jury in given case.

**4. Infants ⬡50—Minor's contract held enforceable only for market value of premises purchased for home.**

It being for jury to say whether best interests of minor will be subserved by owning habitation, also whether kind purchased was suitable to his station in life, and whether price agreed to be paid was no more than reasonable market value, if such questions be found in favor of contract it can be enforced, but only for market value of premises.

**5. Infants ⬡50—Home belongs to class declared necessary for married infant.**

A home belongs to that class declared to be within term necessaries for a married infant.

**6. Appeal and error ⬡1114—On reversal for error of law, case remanded to Court of Civil Appeals for decision on questions involving issues of fact not passed on.**

Where Court of Civil Appeals pretermitted decision of other assignments of error involving issues of fact on erroneous view of law with respect to particular issue, on reversal by Supreme Court case should be remanded to Court of Civil Appeals for consideration of assignments not acted on.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by C. L. Johnson against J. L. Newberry. Judgment for plaintiff was reversed by Court of Civil Appeals (248 S. W. 456), case remanded, and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and case remanded to it for further proceeding.

C. G. Whitten and D. M. Oldham, Jr., both of Abilene, for plaintiff in error.

Ben L. Cox, of Abilene, for defendant in error.

POWELL, P. J. The Court of Civil Appeals, in an able opinion by Chief Justice Conner, gives us an admirable statement of the nature and result of this suit in the district court, as follows:

"The appellee, C. L. Johnson, sued the appellant, J. L. Newberry, in the district court of Taylor county on August 20, 1921, upon the two vendor's lien notes described in the petition, and for foreclosure of a vendor's lien on certain premises situated in Abilene. It was alleged that Newberry gave the notes sued on as purchase price notes in part payment for the premises described in the petition, and that Johnson was still the owner of the notes and the payee therein.

"The defendant Newberry admitted the execution and delivery of the notes to Johnson, and admitted that he bought the premises from Johnson as alleged in the plaintiff's petition, and alleged that he had paid $2,500 in cash on the purchase price of the place, and executed the notes sued on at the same time in part payment. He further pleaded in his answer that, at the time of said transaction and at the time of the filing of the suit to foreclose said notes, he was a minor under the age of 21 years. That he became 21 years of age September 17, 1921, and he elected to disaffirm the contract of purchase aforesaid, and prayed for the cancellation of the notes declared on by plaintiff and to recover from plaintiff the $2,500 in cash that had been paid on the place. In connection with that pleading the defendant, Newberry, tendered the plaintiff a deed to the premises, duly executed and acknowledged by Newberry and his

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wife; the consideration expressed in the deed being the cancellation of the notes sued on.

"Plaintiff Johnson answered by a first supplemental petition, in which it was alleged that defendant Newberry was a married man at the time of the execution of the notes, and did not disclose the fact that he was a minor, but represented that he needed the property for a home for himself and wife. That plaintiff relied upon and believed said representations to be true, and believed defendant Newberry to be 21 years of age and a married man, and believed that he was purchasing the property for a home, and that the same was necessary for himself and wife, and that so believing and relying, he sold and conveyed the property described in plaintiff's original petition, and as part payment therefor received the three notes sued on. That defendant moved into the said house, and occupied the same as a home, and continued to occupy the same until a date unknown to plaintiff. Plaintiff further alleged that Newberry is an able-bodied, strong, young man, with a reasonable earning capacity of $100 to $150 per month, and that his status and condition in life makes it fit and proper for him to own and acquire a homestead such as the one in question for himself and wife, and it is averred that the premises mentioned were in fact necessary for defendant. And it is further alleged that defendant committed a fraud on plaintiff by procuring said property without disclosing the fact that he was a minor.

"The case was tried before a jury, to which was submitted special issues. The answers of the jury to the special issues were to the effect that defendant, Newberry, at the time he purchased the property was under 21 years of age, but that the deed had not been obtained by him through fraud, as the term 'fraud' had been defined in the court's charge. The jury further found that the property was a 'necessary,' as that term had been defined in the charge. Upon this verdict the court rendered a judgment for the plaintiff, Johnson, against the defendant, Newberry, for the amount due upon the notes, and foreclosed the vendor's lien against the premises, and also against Newberry on his cross action for the return of the $2,500, and defendant, Newberry, has appealed."

The Court of Civil Appeals reversed the judgment of the district court and remanded the cause to that court for another trial not inconsistent with their opinion. See 248 S. W. 456. In doing so, the court stated:

"We conclude, therefore, as before indicated, that under the facts as presented in the record before us appellant is entitled to disaffirm the contract evidenced by his notes upon restoration of the premises in controversy to the plaintiff, and to recover the $2,500 in cash paid by him, less the reasonable value of the use and occupancy of the premises in controversy to the date when he tendered plaintiff possession and warranty deed from himself and wife."

Upon proper application therefor, the Supreme Court granted a writ of error "on the importance of the question." The case has been referred to us for consideration and recommendation.

As stated by the Court of Civil Appeals, the district court evidently tried this case upon the theory that if the purchased dwelling and lot was a reasonable necessary for the use of himself and family, the contract could not be avoided, but would be absolutely binding. But the Court of Civil Appeals held that, under the facts in this case, the purchase could be set aside by the minor even though the jury found, as it did, under the charge of the court, that the property was a "necessary."

The trial court charged the jury as follows in defining a "necessary":

"The term 'necessaries' is not confined to merely such things as are required for a bare existence, but include those things without which the individual cannot comfortably live, and which are useful and suitable and necessary and proper for his support, use, and comfort in life, taking into consideration the minor's status and condition in life. And where the infant is a married man, he is permitted to furnish his wife with necessaries, and you will take into consideration those things which are necessary for husband and wife, as well as for the husband alone, and by the term 'necessaries' as applied to the husband is meant such things as the husband should supply to his family, and which are suited to their condition and station in life, their needs and wants, in so far as his ability will permit."

Counsel for the minor urged many objections to that charge, but all were overruled. Proper exceptions were reserved. The controlling question in this case centers around the query as to whether or not the ownership of a home by a minor is a necessary, and, if so, then whether or not, under the very kind of a contract here presented, the same can be disaffirmed and set aside by the minor.

One objection urged by counsel to the trial court's charge was that, as a matter of law, the ownership of a home is not a necessary. Therefore, that said issue should not have been submitted to the jury at all. Is the ownership of a home a necessary?

In determining the question just propounded, it may be helpful to review a few leading decisions of our Supreme Court relating generally to contracts of minors and their legal effect. The Texas decisions we shall now refer to are in line with the great weight of authority in other jurisdictions.

In the case of Parsons v. Keys, 43 Tex. 559, the court says:

"Some confusion has arisen as to the liability of minors from the general doctrine that contracts of infants are either void or voidable. This expression is mainly true with reference to express contracts. While infants are liable for necessaries, they are not liable on their contract for a price certain, or on a bill or note for the amount. The law has reserved to the courts the right to determine

whether the thing purchased was necessary, and whether the price was a fair one. (Stone v. Dennison, 13 Pick. R., 1.)"

In the case of Askey v. Williams, 74 Tex. 294, 11 S. W. 1101, 5 L. R. A. 176, a minor, indicted for theft, agreed to pay an attorney $250 to defend him. He gave the attorney a note for that amount, secured by a mortgage on his interest in real estate. Later, he tried to disaffirm the contract. The court, speaking through Judge Gaines, held:

"The contracts of an infant for necessaries are neither void nor voidable, and we are of opinion that the services of an attorney should be held necessary to an infant when he is charged by an indictment with crime. His life or his liberty and reputation are at stake and it would be unreasonable to deny him the power to secure the means of defending himself. He may contract for food and raiment suitable to his condition in life, though they be such as are not demanded by his absolute wants, and it is not to be questioned that the immunity from punishment and disgrace is a matter of far more importance to his welfare. It has accordingly been held that reasonable attorney fees in defense of a criminal action brought against an infant are necessaries. Barker v. Hibbard, 54 N. H. 539; see, also, Munson v. Washband, 31 Conn. 303. It follows that by his contract Lightfoot was bound to pay plaintiff the reasonable value of his services.

"We come then to the question, are the note and mortgage given by him to secure the fee either void or voidable? It is sometimes said that if an infant give his negotiable promissory note or his bond under seal even for necessaries the express contract so made is void. The reason for the doctrine is that no inquiry can be made into the consideration of such an instrument. In Parsons v. Keys, 43 Texas, 557, it is said in effect that an infant is not liable on a bill or note given for necessaries, but the point was not involved in that case. We apprehend, however, the better doctrine to be that an infant may make an express written contract for necessaries upon which he may be sued; but that by showing the price agreed to be paid was unreasonable he can reduce the recovery to a just compensation for the necessaries received by him. It is to his benefit to hold the express contract not void but voidable; for if it be voidable merely he can secure the advantage of a good bargain, and may relieve himself if it be a bad one, while on the other hand to hold it void would deprive him of the benefit of an advantageous contract. It would seem that it is for this reason that the tendency of judicial decision is to hold infants' contracts not void but voidable. We understand it to be only where it appears to the court that it is prejudicial to the infant that his contract will be held wholly void."

In the case of Searcy v. Hunter, 81 Tex. 647, 17 S. W. 373, 26 Am. St. Rep. 837, Judge Gaines, again speaking for the court, says:

"Appellee also insists that the legal services of Simkins & Simkins were a lawful consideration for the conveyances, and that the land cannot be recovered without paying a compensation for that consideration. For necessaries furnished an infant the law implies a contract. These are usually food, lodging, wearing apparel, medicine, medical attendance, and the means of an education. Such is the more rigid rule of the common law. But there are cases which recognize that fees of attorneys for services rendered infants may under some circumstances be treated as necessaries, for the payment of which the law will imply a contract. Epperson v. Nugent, 57 Miss. 45; Thrall v. Wright, 38 Vt. 494; and see for a general discussion, Hall v. Butterfield, 59 N. H. 354. Looking to the condition of affairs in our own state, it seems to us that to refuse to allow an attorney, who at the instance of a next friend has instituted a suit in behalf of a minor and recovered for him money or property, to claim from the infant a reasonable compensation for his services would be to establish a rule which would operate to the prejudice of the class it is designed to protect. In such case where the services have been beneficial to the infant we are of opinion that reasonable compensation should be allowed."

A reading of above quotations shows that our Supreme Court looks solely to the interest of the minor in passing upon his contracts; that his contracts are voidable, as a rule, and not void; that his contracts for necessaries are neither void nor voidable, but that even in such cases the contract cannot be enforced as written, if it be for more than the reasonable value of the necessaries actually furnished the minor; that, even for necessaries, the contract, as such, is really not enforced, since the minor can be required to pay only the reasonable value for the necessaries actually furnished him under the contract; that his contract to do that being implied from his acceptance and use of the necessaries; that Texas recognizes the old common-law rule in classifying "board, lodging, wearing apparel, medicine, medical attendance and an education" as necessaries; that our state has added attorney's fees under certain circumstances as a necessary for which a minor can be required to pay; that, in determining the question of necessaries, his station in life shall be considered and not merely his absolute needs.

Bearing in mind the general rules of our Supreme Court with reference to contracts of minors, we again approach the question as to whether or not the ownership of a home is a necessary.

What test should be applied in determining whether or not a given article is a necessary? Ruling Case Law, vol. 14, p. 256, lays down the following:

"According to the rule laid down by Lord Coke, an infant may bind himself to pay for his meat, drink, apparel, necessary physic, and such other necessaries, and likewise for his good teaching or instruction whereby he

may profit himself afterwards; and this, generally speaking, has been accepted as the true doctrine. Definitions have been handed down from some of the early cases until they have become traditional, in which the class of necessaries is limited to articles of elementary physical necessity, but the rule has generally been made more flexible. No definite schedule of allowable articles can be made, for it must vary widely according to the different circumstances of the persons concerned. Whatever is reasonably necessary for the proper and suitable maintenance of the infant in view of his means and prospects, and the customs of the social circle in which he moves and is likely to move, should be included. It has been said that articles of mere luxury or adornment cannot be included; but that useful articles, though of an expensive and luxurious character, may be included if they are reasonable in view of the infant's circumstances. It is for the judge to define the class and character of articles which may be held necessaries; and if there is evidence creating a reasonable question, it is for the jury to say whether the particular articles sued for fall within the class. The necessities to be procured by the contract must be personal necessities; that is, for the living or personal well-being of the infant. If he has property needing expenditures, the law requires the appointment of a guardian to care for such property, and does not permit the infant to contract in regard to it. Articles purchased for business purposes, whether that of agriculture or commerce have been declared not to be necessaries, even though the infant depends upon his business for support. But the personal necessities of the infant, for which he may contract, include the support of his wife and children. To enable an infant to contract for articles as necessaries, he must have been in actual need of them, and obliged to procure them for himself. They are not necessaries as to him, however necessary they may be in their nature, if he was already supplied with sufficient articles of the kind, or if he had a parent or guardian who was able and willing to supply them. The burden of proof is on the plaintiff to show that the infant was destitute of the articles, and had no way of procuring them except by his own contract."

With reference to the rulings of the courts as to particular articles in this connection, this same authority goes on to say:

"About such elementary necessities of life as food, raiment and lodging, if the infant lacks them and the amount and quality is reasonable, there can be no question. A pew in church has been held not a. 'necessary.' In several cases a horse has been held not to be a necessary, and bicycles have been frequently rejected, though sometimes admitted on the ground that the use of bicycles by persons in the infant's position was common in the neighborhood. Medical and dental services reasonably required by the infant are usually classed as necessaries. Some kind of education has been included from early times within the class of necessaries for which an infant may contract. The early cases, however, seem to have confined this to elementary or vocational education, and even in the later cases, a college, university or professional education has generally been excluded; though it has been judicially suggested that it might be allowed in a case where the infant's ability and prospects justified it. Correspondence school instruction has been excluded in several cases, as has instruction in music and painting. It is apparently the prevailing rule that the services of an attorney cannot be contracted for by an infant, if they were merely for the promotion or protection of his property interests; but a contract for such services has been held valid if they were required for his personal relief, protection or liberty, as in defense of a criminal prosecution, or of a bastardy suit, or in the prosecution of a bastardy suit by an injured woman, or of a suit for damages for an indecent assault, or for personal injuries due to the defendant's negligence. In a considerable number of cases, however, it has been held that where an infant has no guardian, his estate may be held liable for a reasonable attorney's fee, if the services rendered were for his benefit, and necessary for the protection of valuable rights belonging to him, and especially where valuable property was recovered for the infant by the legal action taken. When the attorney has been engaged by the infant's next friend or guardian ad litem, a somewhat different question arises, which is discussed elsewhere in this article. Money itself is not usually deemed a necessary, since it can as readily be used for improper as for proper purposes; and the borrowing of money by an infant, without more, is not a valid contract. But where the money was loaned to the infant to enable him to procure necessaries, and was in fact expended for such necessaries, the lender has often been permitted to recover the value of the supplies procured by a kind of subrogation to the rights of the vendor."

Cyc. vol. 22, p. 592, under the title "What are Necessaries," gives us the following:

"The term 'necessaries' is not confined to merely such things as are required for a bare subsistence, but includes those things without which the individual cannot reasonably exist, and which are useful and suitable, and necessary for his support, use, and comfort, taking into consideration the infant's state and condition in life. The articles furnished must be actually necessary to the particular case, for use and substantial good, not mere ornament or pleasure; but beyond this there is no positive rule by means of which it may be determined what are or what are not necessaries, for what may be considered necessary for one infant may not be necessaries for another infant whose state is different as to rank, social position, fortune, health, or other circumstances, the question being one to be determined from the particular facts and circumstances of each case. Necessaries for an infant include support and maintenance, food, lodging, and clothing, medicines and medical attendance furnished him when his health or physical condition require them, and an education suitable to his station in life. The professional services of an attorney may be a necessary for which an infant is bound, whether such attorney be employed to enforce or protect the civil or property rights of the infant, or to defend him in a criminal action or prosecution. So also the payment of taxes

on the property of infants is a necessary. Horses, vehicles, saddles, harness, and the like are not ordinarily considered necessaries for an infant. Neither are repairs and improvements on an infant's realty, or articles purchased by or furnished to him for use in carrying on the business or occupation in which he is engaged, ordinarily considered necessaries. It has also been held that a contract for fire insurance is not for a necessary."

Again, in 12 L. R. A. p. 860, we find an interesting note, as follows:

"The following have been held to be necessaries: An attorney's services in defending him in a bastardy proceeding (Barker v. Hibbard, 54 N. H. 539, 20 Am. Rep. 160); or counsel fees in recovering his estate (Epperson v. Nugent, 57 Miss. 45, 34 Am. Rep. 434); or prosecuting an action for breach of promise of marriage (Munson v. Washband, 31 Conn. 303, 83 Am. Dec. 151); horses, in England (Hart v. Prater, 1 Jur. 623); contra, in this country (Rainwater v. Durham, 2 Nott & McC. 524, 10 Am. Dec. 637; Grace v. Hale, 2 Humph. 27, 36 Am. Dec. 296); livery for a servant (Hands v. Slaney, 8 T. R. 578); watches (Peters v. Fleming, 6 Mees. & W. 42); wedding clothes (Sams v. Stockton, 14 B. Mon. 232); or a bridal outfit (Jordan v. Coffield, 70 N. C. 110). And the following have been held to be not necessaries: Articles merely for adornment (Lefils v. Sugg, 15 Ark. 137); cigars and tobacco (Bryant v. Richardson, L. R. 3 Exch. 93, note); a college education (Middlebury College v. Chandler, 16 Vt. 683, 42 Am. Dec. 537); an insurance policy (New Hampshire Mut. F. Ins. Co. v. Noyes, 32 N. H. 345); jewelry (Ryder v. Wombwell, L. R. 3 Exch. 90); repairs to the infant's dwelling house (Tupper v. Cadwell, 12 Met. 559, 46 Am. Dec. 704); rent of a building for carrying on a trade or manual occupation (Lowe v. Griffith, 1 Scott, 458, 1 Hodges, 30); goods to carry on his trade with (Mason v. Wright, 13 Met. 306; Stone v. Withipool, 1 Latch, 21; Whittingham v. Hill, 1 Cro. Jac. 494; Whywall v. Campion, 2 Strange, 1083; Tuberville v. Whitehouse, 1 Car. & P. 94; Decell v. Lewenthal, 57 Miss. 331, 34 Am. Dec. 449); lumber to build a house (Freeman v. Bridger, 4 Jones, L. 1, 67 Am. Dec. 258); the board of horses, the principal use of which was in the infant's business of hackman, though occasionally used to carry his family out to ride (Merriman v. Cunningham, 11 Cush. 40); that where horseback exercise is prescribed by a physician, it is a necessary (Hart v. Prater, 1 Jur. 623); nor is a farrier's bill for work looking after the infant's horses (Clowes v. Brooke, 2 Strange, 1100, Andrew, 277); nor are saddles, bridles, whips, liquors, fiddles, fiddle strings, powder and pistols, etc. (Beeler v. Young, 1 Bibb, 519; Glover v. Ott, 1 McCord, L. 572; McKanna v. Merry, 61 Ill. 179); nor is money lent to the minor a necessary (Earle v. Peale, 1 Salk, 387; Beeler v. Young, supra; Smith v. Gibson, Peake, Adm. Cas. 52; Darby v. Boucher, 1 Salk. 279; Probart v. Knouth, 2 Esp. 472, note; McKanna v. Merry, 61 Ill. 177), even though raised by mortgage to pay off a prior mortgage on property inherited by the infant (Magee v. Welsh, 18 Cal. 155; West v. Gregg, 1 Grant, Cas. 53, 114; Bicknell v.

Bicknell, 111 Mass. 265); nor though paid at the request of the infant to relieve him from a draft for military duty (Dorrell v. Hastings, 28 Ind. 478); though if lent to procure a release from arrest for necessaries, or if the infant is charged in execution, it is held to be recoverable; but to entitle the plaintiff so to recover, he must show that the money was advanced under such circumstances. Clarke v. Leslie, 5 Esp. 28.

"So an infant is liable for money paid at his request to satisfy a debt which he had contracted for necessaries. Randall v. Sweet, 1 Denio, 460."

The aforesaid L. R. A. note is based upon Mr. Lawson's well-known work on "Rights, Remedies and Practice" (volume 2, § 829).

In McKanna v. Merry, 61 Ill. 179, the court says:

"The articles furnished, or money advanced, must be actually necessary, in the particular case, for use, not mere ornament, for substantial good, not mere pleasure; and must belong to the class which the law generally pronounces necessary for infants."

Boarding, lodging, food, medicine, and education are clearly necessaries.

The Supreme Court of Maine, in the case of Utterstrom v. Kidder, decided last June, and reported in 124 Me. 10, 124 A. 725, lays down in just a few words a test which seems to us to be in harmony with all the authorities. That court says:

"A minor is bound by and cannot disaffirm his contract for necessaries such as food, clothing, lodging, medical attendance, and instruction suitable and requisite for the proper training and development of his mind. Kilgore v. Rich, 83 Me. 305, 22 Atl. 176, 12 L. R. A. 859, 23 Am. St. Rep. 780; Robinson v. Weeks, 56 Me. 102. While the term 'necessaries' is not confined merely to such things as are required for bare subsistence, and is held to include those things useful, suitable, and necessary for the minor's support, use, and comfort, it is limited in its inclusion to articles of personal use necessary for the support of the body and improvement of the mind of the infant."

In the Texas case of Bullock v. Sprowls, 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849, Justice Williams tells us that those things are necessaries which result in substantial and enduring benefit to the minor himself.

The text-writers just above quoted on this question speak with remarkable accuracy and are practically in accord with each other. They cite numerous authorities sustaining the test they lay down. They are in harmony with our Texas decisions, so far as our court has spoken.

[1] What constitutes a "necessary" is a mixed question of law and fact. Upon this point, Cyc. vol. 22, p. 597, speaks as follows:

"The question as to what are necessaries is a mixed one of law and fact; it is a question for the court to decide whether certain subjects of expenditures are necessaries and what

classes or general description of articles are necessaries; and it is for the jury to determine whether the particular articles, etc., fall within any of these classes, and whether they were actually necessary and suitable to the estate and condition of the infant, and were furnished under such circumstances as to authorize a recovery. The quantity, quality, and value of what was furnished is of course a question for the jury."

The footnote to the last-quoted text contains citations of numerous authorities, including the Texas case of Melton v. Katzenstein (Civ. App.) 49 S. W. 173. The authorities are in point and sustain the text. Many of them are very able opinions.

We have already quoted from Ruling Case Law, showing that work to be in accord with Cyc. in holding this to be a mixed question of law and fact.

[2-4] We think the courts are correct in holding this to be a mixed question of law and fact. In other words, we think the courts have correctly, as a matter of law, included lodging as one class of necessaries for which a minor may be bound. As to what particular kind of lodging is necessary for the minor in question in any given case is an inquiry of fact for the determination of the jury, and their determination must come from a consideration of all the circumstances in the case at bar. It is for the jury to say whether or not the best interests of the minor will be subserved by owning a habitation rather than renting one; also, whether or not, if he should own his home, the very kind purchased was suitable to his station in life; also, whether or not the price he agreed to pay for it was no more than its reasonable market value at the time of its purchase. If all these questions be found in favor of the contract in suit, it should be enforced. It cannot be enforced for more than the market value of the premises as aforesaid, in any event.

From earliest times, minors have been required to pay for lodging. Under all the authorities, a minor must pay for lodging for his wife and children also. When a young man, while still a minor, marries, he is face to face with the necessity of providing a home of some kind for himself and his wife. Shall it be a rented one or one owned by him? Which it should be is clearly dependent upon the circumstances in each individual case. It will not do to say that under no circumstances should a married minor be permitted to buy a home and bind himself by such contract of purchase. It might be more economical to buy than to rent in some cases. Certainly, if that be true in any given case, then every other reason is in favor of home ownership in case the one purchased is suitable to the station in life occupied by the minor in question. It is worth much to each family and the welfare of the state and nation to encourage home owner-

ship. A nation of home owners is much more fortunate than one of tenants.

That the courts will closely scrutinize contracts wherein minors purchase homes goes without saying. But, under the rules heretofore mentioned by us and which all the courts employ in protecting minors when their contracts are involved, we can see no harm which can result from holding as we have just done in this case.

This is a new question in the appellate courts of Texas. And this exact question is new in practically all of the states. But we can perceive no reason for holding, as a matter of law, that a married minor cannot buy a home if it be to his best interests to do so.

The Court of Civil Appeals, in the instant case, based its decision solely upon the case of Peck v. Cain, 27 Tex. Civ. App. 38, 63 S. W. 177, and in which a writ of error was refused by the Supreme Court. In that case, the Court of Civil Appeals at San Antonio refused to enforce a lease contract made by a minor for an apartment he occupied after he abandoned it. The contract in that case called for two years at $55 per month rental. The minor occupied it only one-third of one month and then left it. The Court of Civil Appeals held that the landlord could not collect the rent after the premises were abandoned by the minor.

The Peck Case is different from the case at bar in being a lease contract rather than a contract for the purchase of a home. But, more to the point, it was a contract wholly executory and rents payable entirely in the future after the contract was executed. In the instant case, the contract was partially executed by the payment of almost half of the consideration and delivery of the premises to the minor thereafter. As so well stated by Judge Key in the case of Wells v. Hardy, 21 Tex. Civ. App. 454, 51 S. W. 504, minors cannot be bound by contracts, even for necessaries, where wholly executory. We think the Peck Case is distinguishable from the case at bar, even if it should be true that the Supreme Court approved all the holdings in the rather complicated Peck Case when it refused a writ of error therein.

[5] The application which we have given the term "necessaries" in this opinion is one consistent with the public policy of this state as declared in the Constitution. The Constitution has exempted from certain contractual liens or forced sale the homestead of a family. In doing so it must be assumed that the framers of the Constitution believed that the ownership of a home was not only reasonably appropriate for a married man but of value to the state as well. If a home is not to be classed as a necessary, then we would be compelled to say that the Constitution has thrown greater safeguards around a thing unnecessary and inappropri-

ate for a married man than it has about almost any other subject of human rights. Considered in the light of the public policy of the state, it is plain that a home belongs to that class of things which courts must declare are within the term necessaries for a married infant.

[6] The Court of Civil Appeals pretermitted a decision of all other assignments in the record upon the theory that all the minor could be called upon to pay, in any event, was the reasonable rental of the property while in his possession and control. The case presents other assignments involving issues of fact peculiarly within the jurisdiction of the Court of Civil Appeals. Therefore we think this case should be remanded to that court for consideration of assignments heretofore not acted upon. In exercising its jurisdiction upon fact issues, we think that court should first act and that, too, without being possibly influenced by what we might think of such issues. In making this recommendation, we follow the course adopted in the case of Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74.

In view of our conclusion as to the right of the jury to determine whether or not the purchase of this home was a necessary, then it becomes most important for the Court of Civil Appeals to pass upon the objections made to the charge in that connection, as submitted, and also as to whether or not the evidence sustains the jury verdict, if the charge be found correct. It is not for this court to say what the final judgment of the Court of Civil Appeals would have been had it entertained the same views we have expressed in our opinion. We think they should pass upon the case in the light of those views.

We recommend that the judgment of the Court of Civil Appeals be reversed and the cause remanded to that court in order that it may pass upon the questions there presented and not already acted upon.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration as recommended by the Commission of Appeals.