GEORGE W. CLEMMER V. LUCILLIUS PRICE ET AL.

Decided February 2, 1910.

**1.—Contract—Minority—Disaffirmance.**

Contracts by minors are not void because of nonage but voidable merely; and such contracts as are made for the reasonable value of necessaries and in pursuance of statutory authority are binding. Some voidable contracts of a minor bind him unless he disaffirms them, while others do not bind him unless he ratifies them. Such voidable contracts as are wholly or partially executed need no ratification but are binding until disaffirmed. This principle applies when an interest in property of a fixed and permanent nature is vested in the minor or other party under an executed contract, as by a conveyance of real estate. In such case there must be a distinct act of disaffirmance on the part of the minor, and that within a reasonable time after attaining majority; what is a reasonable time is a question of fact.

**2.—Same—Case Stated.**

A minor purchased a tract of land paying part cash and executing his promissory notes for the balance, the notes being secured by express lien; the notes matured about six months after the minor came of age and suit was soon thereafter filed upon them; the minor answered setting up his minority at the time the contract of purchase was made, and prayed that the

contract be cancelled and that he have judgment in reconvention for the cash payment. Held, that the minor did not disaffirm the contract in a reasonable time and was liable on the notes.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*Leonard Brown* and *W. P. Finley*, for appellant.—The transaction involved herein, including money paid and notes executed, such transaction occurring between the appellees and appellant during the latter's minority, was voidable at the appellant's election, and the appellant had the right to disaffirm it, and to be relieved from its consequences. Thus he was entitled to recover back the money paid during his minority, and to have the notes canceled. Rapid Transit Land Co. v. Sanford, 24 S. W., 587; Craig v. Van Bebber, 13 S. W., 906; Hegler v. Faulkner, 153 U. S., 111; Blankenship v. Stout, 25 Ill., 132; Keil v. Healey, 25 Am. Rep., 436.

In view of the facts and circumstances of this case, the appellant disaffirmed the said transaction involved herein within a reasonable time after reaching his majority. The appellant is, accordingly, entitled to recover back the money paid during his minority and to have the notes canceled. Stone v. Wolfe, 50 Texas Civ. App., 231; Craig v. Van Bebber, 13 S. W., 906; Cardwell v. Rogers, 76 Texas, 37; Magee v. Welsh, 18 Cal., 156; Cole v. Pennoyer, 14 Ill., 158; Weeks v. Wilkins, 134 N. C., 516; O'Dell v. Rogers, 44 Wis., 136; Scranton v. Stewart, 52 Ind., 68; Doe v. Abernathy, 7 Blackford (Ind.), 442.

Where the infant has made no representations as to his age, the mere fact that the person with whom he was dealing believed him to be of age even though his belief was warranted by the infant's appearance and the surrounding circumstances, even though the infant knew of such belief, would not render a contract valid or estop the infant from an exercise of his right to disaffirm. 22 Cyc. Law and Proc., 611; Sewell v. Sewell, 18 S. W., 162; Rivers v. Gregg, 5 Rich. Eq., 274-279; Carpenter v. Pridgen, 40 Texas, 32; Peck v. Cain, 27 Texas Civ. App., 38.

The plea of purchase in good faith, for value and without notice, is not availing as against the minor's right of disaffirmance. McMorris v. Webb, 43 Am. Rep., 629; Mustard v. Wohlford's Heirs, 76 Am. Dec., 209.

An infant is not estopped from avoiding his contract from the fact that he did not disclose his minority at the time he entered into the contract, and from the further fact that the other party believed him to be an adult. It is clear that such facts would not estop him from avoiding the notes and from recovering the cash paid. Baker v. Stone, 136 Mass., 405; Carpenter v. Pridgen, 40 Texas, 32.

*C. C. Clamp* and *Seth S. Searcy*, for appellees.

NEILL, ASSOCIATE JUSTICE.—The appellees, Lucillius Price, J. E. Ritchey and Joel Buttles, on April 7, 1908, brought this suit against Geo. W. Clemmer to recover on certain promissory notes, Nos. 1, 2 and 5, of a series of five promissory notes executed by defendant to

plaintiffs on January 22, 1907, and to foreclose an express vendor's lien upon a certain tract of land for which the five notes were given for a part of the purchase money. The plaintiffs also alleged that B. F. Witte was the owner of notes Nos. 3 and 4, and asked that he be made a party defendant for the purpose of adjudicating such matters pertaining to his notes and the respective liens on the land for which they were given as might be necessary. The notes will be more fully described in our conclusions of fact.

The defendant Clemmer, on May 10, 1909, filed his first amended original answer, which consisted of a general denial, and special plea in which he admitted that he executed the series of notes described in plaintiff's petition in part payment for the tract of 193.28 acres of land upon which the foreclosure of the vendor's lien was sought. He then alleged that in addition to the notes he paid plaintiffs at the time the notes were made the sum of $800 cash for the tract of land; that when he made the notes and paid said sum he was a minor, being twenty years old, reaching his majority on July 14, 1907; that "now (the date of filing his amended original answer) having attained his majority, being over the age of twenty-one years, he elects to rescind and disaffirm said contract of purchase entered into between himself and plaintiffs, as evidenced by said deed and notes, and tenders to plaintiffs a deed reconveying said lands to them; that by reason of the payment by him to plaintiffs of said sum of $800 while a minor, and the rescission of said contracts and notes and tender to plaintiffs of said deed, or upon notice to them of his intention to disaffirm said contract and notes, plaintiffs become bound and liable to pay him said sum of $800, together with interest thereon from January 22, 1907, at the rate of six percent per annum," for which amount he asked judgment against them, and that a lien be decreed in his favor for said sum on the land and for a foreclosure thereof.

Defendant further pleaded, in the alternative, that at the time the conveyance was made, the notes executed and money paid by him, the plaintiffs fraudulently represented to him that said land was twelve miles from Millett, Texas, the nearest railway station, and that water for drinking purposes could be obtained at a depth of twenty-six feet; that such representations were false, said land being eighteen miles from Millett, and suitable water for drinking purposes not obtainable at such depth; that such representations were made for the purpose of inducing defendant to purchase said land; that defendant relied upon such representations and purchased the land believing them to be true, and that had they not been made to him he would not have made the purchase; wherefore he asked judgment for a rescission of the contract of sale, for the eight hundred dollars paid, and a cancellation of the notes sued on.

The defendant B. E. Witte appeared and, after demurring to Clemmer's answer, filed a general denial, and pleaded that he was the owner and holder of notes Nos. 3 and 4 of the series and asked judgment for the amount due thereon and a foreclosure of his lien upon the land for which they were given.

The case was tried by the court without a jury and judgment was

rendered in favor of plaintiffs against the defendant for the principal, interest and attorney's fees, amounting in the aggregate to $1150, due on the three notes held by them, and also in favor of B. E. Witte against him for the principal, interest and attorney's fees, amounting in the aggregate to $697.25, due on the two notes held by the said Witte, together with a foreclosure in favor of plaintiffs and Witte of the express vendor's lien on the land for which the notes were given. This appeal is from said judgment.

We adopt so much of the trial court's conclusions of fact as are essential to a decision of the case, which are as follows:

"(1) That plaintiffs Lucillius Price, J. E. Ritchey and Joel Buttles on or about the 22d day of January, A. D. 1907, sold to the defendant, George W. Clemmer, 193.28 acres of land out of survey No. 6, block No. 5, certificate No. 2683, patented to the I. & G. N. R. R. Co., being patent No. 63, volume 112, being part of the said original survey, said original patent containing 422 acres, being all that part of said original survey lying south of the new county road from Carrizo Springs to Millett, and that as a part consideration for the payment of said land, the said defendant, George W. Clemmer, executed to the said named plaintiffs his five several promissory notes each for the sum of $320, even date with said deed, due on or before one, two, three, four and five years after date respectively, payable to the order of said plaintiffs at the Frost National Bank in the city of San Antonio, Bexar County, Texas, with seven percent interest per annum, interest payable annually; each of said notes providing that failure to pay any note or any installment of interest thereon when due, shall, at the option of the holder of them or any of them, mature all of said notes, and providing and stipulating for ten percent attorney's fees on the amount of principal and interest owing if said notes are placed in the hands of an attorney for collection or collected by suit. That the deed to said above described property was properly executed and acknowledged by said plaintiff and delivered to said defendant, and that said notes were signed by said defendant and delivered to said plaintiffs; that said defendant took possession of said land. (2) That said defendant, George W. Clemmer, at the time he purchased said land from said plaintiffs was a minor under the age of twenty-one years, and did not reach his majority until the 14th day of July, A. D. 1907, and that on the 23d day of January, 1907, at the time he purchased said property, he was twenty years, six months and nine days old. (3) That the defendant, George W. Clemmer, first came to LaSalle County in the State of Texas, in the month of December, 1906, prior to his purchase of said property, and that he remained there and ran a hotel at Bookwalter for about three months for Price, Ritchey and Buttles, plaintiffs in said cause; that he went over the land that he purchased several times, rode over it· on horseback and went over it in a wagon at different times and started to clear a place on said land and discussed with a contractor about building a house on said land and clearing the same. (4) That plaintiffs sold said land to said defendant, George W. Clemmer, without any knowledge, actual or constructive, of his minority, and acted in perfect good faith, and that the price contracted to be paid for

said land was a reasonable price therefor. (5) That the first of said series of notes matured January 23, 1908, and that at that time the said George W. Clemmer had left Texas and returned to his former home and that his whereabouts at said time were unknown to plaintiffs; that said first note was not paid at its maturity, or any provision made for its payment by the said defendant, George W. Clemmer, nor were his whereabouts disclosed to plaintiffs. (6) That said defendant did not acquaint plaintiff with the fact that he was a minor at the time he purchased said land until after said note had matured and said suit had been brought, when he set up his minority as a defense to the recovery on said notes, and filed a cross-action asking for the return of the cash paid by him when he purchased the said land in January, 1907. (7) That said defendant took no steps to disaffirm said contract until after the first note of said series had matured and until said suit had been filed and did not disaffirm said trade within a reasonable time."

*Conclusions of law.*—In our view of the case, we deem it wholly unnecessary for us to discuss the numerous assignments of error insisted upon by the appellant. Suffice to say that, in our opinion, none of them, material to a proper decision of the case, is well taken.

An infant's contracts are not void because of his nonage, but all are voidable merely, with the exception of his contracts for the reasonable value of necessaries and his contracts made in pursuance of statutory authority, which are binding. Some voidable contracts of an infant bind him unless he disaffirms them, while others do not bind him unless he ratifies them. Voidable contracts of an infant, which are wholly or partially executed, need no ratification, but are binding until disaffirmed. This principle applies when an interest in property of a fixed and permanent nature is vested either in the infant or other party to the contract under an executed contract, as by a conveyance of real estate. In such a case there must be a distinct act of disaffirmance on the part of the infant to avoid the contract. Such a contract must be disaffirmed within a reasonable time after the infant attains his majority; and what is a reasonable time is a question of fact for the jury. Simpkins v. Searcy, 10 Texas Civ. App., 406, 32 S. W., 849. The defendant Clemmer not having disaffirmed the contract within a reasonable time after attaining his majority, was bound by it and liable upon the notes sued on. Therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.