## BLALOCK et al. v. ALLEN.

### No. 11264.

Circuit Court of Appeals, Fifth Circuit.

Dec. 3, 1945.

Marion Smith and Bruce F. Woodruff, both of Atlanta, Ga., for appellants.

Louise Foster and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Mills Kitchin, Atty., Department of Justice, of Washington, D. C., and Chas. W. Walker, Asst. U. S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Appellants each sued in the District Court to recover an income tax alleged to have been illegally exacted for the year 1939. The judge trying the consolidated cases without a jury found as a fact that the inclusion that year of A. O. Blalock as a part-

ner of appellants' firm* was not genuine but merely formal, and as a matter of law he was not a partner for income tax purposes, so that the net income of the partnership was taxable as the income of appellants only. The question is whether the evidence authorizes these conclusions.

The firm, engaged in selling road-building machinery to State and County authorities, prior to April 1, 1939, included D. B. Blalock, Sr., his wife Mrs. Estelle Z. Blalock, and their son D. B. Blalock, Jr. The validity of this partnership is not in issue. A. O. Blalock, the father of D. B. Blalock, Sr., at that date seventy-nine years old but in fair health, was previously an employee of the firm at a salary of $5,000, $3,600 of which had in the past been allowed by the Commissioner of Internal Revenue as a reasonable salary deductible from the firm's income. On April 1, 1939, he was made an equal one-fourth partner, giving a note for about $10,000 to each of the other partners for what was supposed to be the book value of a fourth interest in the business, but later corrected to a smaller sum. A written partnership agreement was drawn up and signed, to terminate Jan. 1, 1947, or earlier by mutual consent, when the net assets were to be divided equally among the partners then in life. There were provisions as to the original members buying the interests of one another at book value should either die during the life of the partnership, A. O. Blalock having no part in them. The provision as to him was this: "Should A. O. Blalock die during the life of the partnership his one-fourth interest shall vest in D. B. Blalock, and shall not work a dissolution of said firm." Another provision was that all contracts, including the borrowing of money and the entire management and control of policies of the partnership should be vested in D. B. Blalock, Sr., and D. B. Blalock, Jr., who should have adequate and fair compensation for their services above their interest in the partnership. Otherwise the partners were to be equally interested. A. O. Blalock was not provided a salary, but each partner might draw against his share of the profits not in excess of an amount to be fixed by agreement.

A. O. Blalock died in 1943, before the trial in 1944. His drawings were slight compared to his share in the profits, and mostly for taxes due to his part in the firm. His share in the profits however was soon enough to pay off his notes, the business becoming extraordinarily profitable. His wealth on April 1, 1939, was testified to be about $12,000, but he paid nothing from it into the business or on his notes.

The surviving partners testified in the trial that A. O. Blalock was by experience and acquaintanceship able to be of great assistance, and did give his time and attention to the business. Some others gave testimony as to what he did. On this testimony the case might have been decided otherwise. But the trial judge heard and saw the witnesses, and could consider their bias and interest in the case. This was a family affair. The effect on income taxes was to divide the net income into fourths instead of thirds for taxation. A. O. Blalock was quite aged, and not likely to live till 1947, and did not. The peculiar provision that on his earlier death his interest would pass to his son without the son paying anything for it is hard to reconcile with taking in a full partner on his merits. And no cash was required to be paid for the purchase of the interest by A. O. Blalock, and he was not given such power in the partnership affairs as a partner would normally have. Considering all the circumstances, we cannot say that the finding of fact of the trial court is clearly erroneous. And if correct, the income thus dealt with will be taxed as though the effort to diffuse it among members of the family by formal writings had not been made. Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

Judgment affirmed.

---

* The executor of one of the appellants has been made a party pending the appeal.