THOMAS, Collector of Internal Revenue, v. FELDMAN.

No. 11564.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1946.

McCORD, Circuit Judge, dissenting.

———◆———

Lester L. Gibson, Sp. Asst. to Atty. Gen., Seweall Key, Acting Asst. Atty. Gen., and A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for appellant.

Geo. S. Wright, S. G. Winstead, and J. P. Jackson, all of Dallas, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

**HOLMES, Circuit Judge.**

This appeal involves federal income taxes for the years 1940 and 1941. It was taken by the Collector from a judgment of the district court against him. The notice of appeal was filed within three months of the date of the judgment, in accordance with the provisions of 28 U.S.C.A. § 230.

By a series of transactions the taxpayers transferred to a trust created by them for the benefit of their children certain shares of stock in two family corporations. Then they dissolved the corporations and had the assets transferred to the respective shareholders, who organized two limited partnerships with the taxpayer J. Feldman as general and managing partner, the trust and other stockholders being special partners. The question is whether the partnership income that was allocated to the trust is taxable to the donors under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a).

The court below found the facts as stipuated by the parties and as disclosed by the oral testimony on behalf of the appellees. We agree, as found by the trial court, that the gifts creating the trusts were bona fide, valid, and irrevocable, and that, since the execution of the trusts, the appellees have not been the beneficial owners of the trust property or the recipients of the income therefrom. Since the creation of the trusts, J. Feldman as never borrowed from the trusts, nor has he purchased property from the trusts or sold property to the trusts, and none of the income or corpus of the trusts has been used to support, maintain, or educate his children, or for his personal benefit or economic gain. J. Feldman's only dealings with the trusts have been in his capacity as general partner of the limited partnerships.

The government urges the application of the so-called Clifford Rule,[1] but that case is not controlling because the decision of the Board of Tax Appeals on the facts was adverse to the taxpayer. In it the Supreme Court held, upon the facts as found by the Board, that the benefits directly or indirectly retained by the taxpayer blended so im-

perceptibly with the normal concepts of full ownership that "We cannot say that the triers of facts committed reversible error when they found that the husband was the owner of the corpus for the purposes of § 22(a)."

The government also relies on the Tower and Lusthaus cases,[2] but we think these are not controlling because of the Tax Court's finding in each that the wife was not a genuine partner. In the Tower case the court said: "Consequently the result of the partnership was a mere paper reallocation of income among the family members. The actualities of their relation to the income did not change. There was, thus, more than ample evidence to support the Tax Court's finding that no genuine union for partnership business purposes was ever intended and that the husband earned the income. Whether the evidence would have supported a different finding by the Tax Court is a question not here presented."

There is no question of the invalidity of the partnership in this case so far as the wife is concerned because, under the Texas community-property law, one-half of the income of the husband belongs to the wife without regard to the partnership agreement. The question here is whether the trust is a fictitious device created for income tax purposes. The distinction between this case and the three cases above mentioned is that here the trier of fact found in favor of the taxpayer and in all the others the findings were against the taxpayer.

We think our decision in this case is governed by Commissioner v. Greenspun, 5 Cir., 156 F.2d 917.

The judgment appealed from is affirmed.

**McCORD, Circuit Judge (dissenting).**

Although the creation of the trust and partnership was legal in form, I am of opinion that there was but a re-shuffling of the family property for the purpose of re-allocating family income to avoid federal tax consequences. The creation of the trust and limited partnership was part of a plan of taxpayers by which they sought

---

[1] Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 557, 84 L.Ed. 788.

[2] Commissioner v. Tower, 66 S.Ct. 532, 538; Lusthaus v. Commissioner, 66 S.Ct. 539.

490

through a multiplication of devices which, though valid under state law as between the parties, lacked substance for federal tax purposes. Certainly, the minor children contributed nothing to the management of the limited partnership. J. Feldman continued to be the dominant and driving force in the business just as he had been while the corporation was in existence. He was in fact the earner and producer of the income. Moreover, he was able to use the capital and income from the business as he had previously done; he could invest and use the property as he saw fit in running the business.

The trial court found the facts for taxpayers, but I feel as did Mr. Justice Rutledge in the Tower [3] and Lusthaus [4] cases that facts such as those in this record demand a finding of tax liability.

I respectfully dissent.

---

[3] Commissioner v. Tower, 66 S.Ct. 532.

[4] Lusthaus v. Commissioner, 66 S.Ct. 539.