## BENSON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11816.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1947.

Robt. R. Milam, of Jacksonville, Fla., for petitioner.

Sewall Key, Acting Asst. Atty. Gen., Hilbert P. Zarky, A. F. Prescott, and Norman S. Altman, Sp. Assts. to Atty. Gen., J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and John M. Morawski, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal tests whether family arrangements entered into by petitioner for the obvious purpose and, if successful, the equally obvious result, of dividing his income and decreasing his taxes were as matter of law effective to do so.

Petitioner is a merchant engaged in the distribution of automobile replacement parts. From 1937 to 1940, he operated the business as a sole proprietorship under the name of Jacksonville Warehouse. On January 2, 1940, he executed two separate trust deeds, in each of which he transferred to his wife as trustee for one of his daughters a 24 percent interest in the business, petitioner retaining a 52 percent interest. On the same day, petitioner and his wife, the wife acting as trustee for the daughters, entered into a written agreement for the operation of the warehouse. In his income tax returns for 1940 and 1941, petitioner reported 52 percent of the income from the warehouse business as his own. His wife as trustee reported 24 percent for each of the trusts.

The commissioner, determining that the entire net income from the business was taxable to petitioner as the real owner thereof, assessed deficiencies accordingly.

The Tax Court, after stating the facts in substance as testified to by petitioner and as shown by the exhibits offered by him, found, among other things: (1) that the agreement provided that the petitioner should have the sole and exclusive management of the partnership business and that his wife, as trustee, should not take any part in, or in any way interfere with, the conduct and management of the business or use the firm name of the partnership or sign her name as partner unless requested to do so by petitioner; (2) that the partnership receipts should not be withdrawn except on the signature of petitioner; (3) that "it shall not be necessary to disclose the wife's name in any dealings between the partnership and a third party", (4) that after execution of the partnership agreement, petitioner continued to manage the business just as he had been doing; (5) that he received no salary or compensation from the business except his share of the income; (6) that he was at all times in complete control and management of the business, neither his wife nor his daughters took any active part in it; and (7) that "the warehouse was operated by petitioner during 1940 and 1941 as his own business and not by petitioner and his wife as partners".[1]

On the basis of these findings and on the authority of Commissioner v. Tower, 327

U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, the Tax Court sustained the determination of the commissioner, and this appeal followed.

Petitioner earnestly insisting that, upon the undisputed evidence, the things done by him in bringing about the partnership, and doing business as such, have had the result of creating a real business partnership which cannot be characterized as a mere tax saving device, urges that the Tax Court's findings are not findings of fact but mere fiating, and, therefore, its conclusions are contrary to law.

We cannot agree. We think the evidence amply supports the Tax Court's view that what occurred here was not for the purpose of, and did not result in, creating a business partnership but was a mere effort to divide petitioner's income and thus reduce his taxes. What petitioner tried to do here was in effect, while transferring to members of his family a portion of his earning power and the fruits of it, to avoid the rule of the Earl case, Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, by calling the result a partnership. In Scherf v. Commissioner, 5 Cir., 161 F.2d 495, we have undertaken to point out why individuals conducting a business either alone or as members of a real partnership cannot, for income tax purposes, do this effectively. For the reasons fully set out there, we approve the judgment of the Tax Court and affirm it.