## BELCHER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11931.

Circuit Court of Appeals, Fifth Circuit.
July 2, 1947.

Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This is the case of another family partnership composed of the husband, his wife as trustee for their four minor children, and the wife individually, wherein the Tax Court found,[1] with evidence to support its findings, that the husband [Taxpayer] had set up the four trusts and had then made gifts of the five partnership interests in his saw mill business to the members of his family for Federal income tax purposes, rather than for the prime purpose of carrying on the business at hand, and that since neither of his partners had either contributed capital originating with such partner or rendered any substantial services, managerial or otherwise, to the partnership, the proof of the actuality and bona fides of the arrangement was insufficient to relieve him from paying taxes on the entire income from the enterprise.

Although the husband paid the Federal gift taxes appropriate to setting up the trust and partnership, and the wife, individually and as trustee for the four children, paid income taxes on the 66% of the net income attributable to them under the partnership arrangement—for which no credit has been allowed in the redetermination—and although the partnership is binding as between the parties inter sese under the laws of the State of Alabama, and although the question of the validity of the partnership for all general purposes is a matter of state law, such, for instance, as the community property statutes of states wherein the husband and wife are by such law partners in the acquets and gains without the contribution of capital by the wife even though she neither toils nor spins, nevertheless, under the adjudicated cases of the Supreme Court,[2] and of this Court,[3] a wife in Alabama [the domicile

Al G. Rives and J. K. Jackson, both of Birmingham, Ala., for petitioner.

Melva M. Graney, Louise Foster, and George A. Stinson, Sp. Assts. to Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski,

---

[1] The opinion of the Tax Court, with full statement of facts, is fully reported in 7 T.C. 182.

[2] Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner v. Tower, 327 U.S. 280, 66 S. Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135.

[3] Benson v. Commissioner, 5 Cir., 161 F.2d 821; Scherf v. Commissioner (Barnes v. Commissioner) 5 Cir., 161 F.

of the parties and the situs of the enterprise here] cannot be a partner with her husband solely for income tax savings or purposes.

██ Notwithstanding the fact that there is no Federal statute which makes the gift of a partnership interest to a member of the taxpayer's family illegal, or that expressly lays the tax upon a husband or father who makes a lawful gift of a partnership interest to members of his family, and although it has long been, and is still, the law that a taxpayer has the right to avoid or lessen his taxes by means that are lawfully available, it is now well settled that such means must be realities, not shams, substance, not shadows. Family partnerships are not ipso facto illegal under Federal law but such partnerships must be shown to be accompanied by investment of capital, participation in management, rendition of services by the family partners, or by such other indicia as will definitely demonstrate the actuality, the reality, and the bona fides of the arrangement.

In Allen v. Beazley, 5 Cir., 157 F.2d 970, at page 973, the writer, speaking for the Court, said:

"We are aware of the suspicion with which the taxing authorities and the Courts view family partnerships and arrangements which have the effect of dividing the family income among the members of that family. We are also fully cognizant of the salutary principles so frequently announced that the courts are interested in who has command over the income and for whose benefit it is applied rather than the legal niceties of the title and ownership. [Citing cases.]

"We know, also, that the taxing authorities may—and we think that they should—look at the actualities, the substance, the realities, and not the form of the transaction, in determining such tax liabilities."

██ Any family partnership that is real, actual, bona fide, and valid under the law of the state of its domicile is valid for Federal income tax purposes, and in determining the actuality and bona fides of the partnership agreement it is appropriate, among other things, to inquire:

(a) Whether the arrangement is between the head of the family and members of his family to whom he owes the obligation of support, and the dominant purpose of the scheme is merely to provide such support and at the same time to divide the income tax consequences among such members of his family;

(b) Whether there have been any contributions of their own capital by the other members of the family or any sustained contributions of substantial services to the management or operation of the business;

(c) Whether there have been any proportionate distributions of earnings to the members of the alleged partnership;

(d) Whether the partnership was established merely to be an operating enterprise from which the dominant head kept in himself the title to physical assets of great value that ordinarily would be highly appropriate to the operation;

(e) Whether the power of unfettered command and control over the partnership, its assets, its business, and its profits is retained in, or conferred upon, the family head;

(f) Whether such a partnership interest is unalienable by a partner, or was transferred to him upon condition that he make a will for the return, upon his death, of such interest to his transferor;

(g) Whether there is an absence of public notoriety as to the formation or operation of the partnership;

(h) Whether large profits were being presently realized or shortly to be anticipated by the head of the family.

We cannot catalogue here all of the incidents that may have some probative force in the determination as to whether or not an alleged family partnership is a matter of substance or shadow, but such a determination is essential to the solution of cases like the one before us.

██ The facts are fully set out in the opinion of the Tax Court and need not be repeated here. We cannot say that there

2d 495; Blalock v. Allen, 5 Cir., 151 F. 2d 927; Dawes v. Allen, 5 Cir., 157 F.2d 518; Singletary v. Commissioner, 5 Cir., 153 F.2d 207.

is a lack of substantial evidence to support the finding as to the lack of reality in the claimed partnership, nor was there error in the application by that Court of the prevailing legal principles to the facts so found.

The order of the Tax Court is affirmed.