## ALLEN v. KNOTT.

### No. 12108.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1948.

---

Theron L. Caudle, Asst. Atty. Gen., Sewall Key and C. Moxley Featherston, Sp. Assts. to the Atty. Gen., and John P. Cowart, U. S. Atty., of Macon, Ga., for appellant.

W. A. Bootle and Carlisle & Bootle, all of Macon, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal contests the validity of an alleged deficiency in federal income taxes and interest in the sum of $3,970.15, assessed against and paid by the taxpayer, James A. Knott, for the years 1939, 1940 and 1941.

The question presented is whether a valid partnership for income tax purposes existed between the taxpayer and his wife for the tax years in question. The case was tried to a jury which determined this issue in favor of the taxpayer, and the Collector prosecutes this appeal.

The evidence shows that the G. A. B. School of Commerce, at Macon, Georgia, has been operated since the year 1939 by the taxpayer and his wife, Emily Dozier Knott, as a purported partnership, and that individual returns under the alleged partnership have been filed since that year. The G. A. B. School of Commerce is an institution approximately fifty years of age. For several years prior to 1937, it was operated as a corporation. During that year it was operated as partnership between taxpayer and one R. L. Wilson. Mr. Wilson died in January, 1938, and for a short while afterwards the school continued to be operated as a partnership with Mrs. Wilson acting as partner in her husband's stead. However, in April, 1938, taxpayer purchased the Wilson interest, and for the next year operated the school as sole owner. During this period taxpayer gave his wife a one-half interest in the school, and in April, 1939, they signed a partnership agreement providing that Mr. Knott would devote his entire time and efforts to the business and his wife should devote only such time as appeared to the best interests thereof, but that she would assist in any financial and credit arrangements that from time to time might become essential. The agreement further provided for the payment of salaries to the parties in proportion to their respective efforts, and that the profits would be divided equally between them.

After the death of Mr. Wilson in January, 1938, problems arose as to the future operation of the school. It was shown that taxpayer was then hesitant, both because of his limited financial resources and relatively meager professional education, to undertake alone the future risk and operation of the school, and that he was therefore seriously considering admitting an outside partner into the business. He consulted his wife with reference to this problem, and she objected strenuously to his idea of taking in another partner, and assured him that together they could build the school into a bigger, better, and more profitable institution. She made available to taxpayer her own financial resources and credit, which accrued personally to her by reason of an inheritance, and thereby facilitated his purchase of the Wilson interest. Although Knott was a teacher of some experience and accomplishment, by his own admission his professional education and knowledge was not comparable to that of his wife, who was shown to be a college graduate proficient in academic pursuits, and well qualified through education and experience to be of invaluable assistance as a partner in the operation of the school.

After the consummation of the partnership agreement taxpayer's wife made valuable contributions to the financial welfare, academic standing, and progress of the school. She was largely responsible for the inauguration of various progressive policies resulting in greater enrollment and increased tuition fees, more dignified and effective publicity, more efficient lighting systems, improved academic prestige, and

the inception and maintenance of valuable business and professional contracts. Specifically, taxpayer consulted her and followed her advice on numerous matters pertaining to the operation of the school, such as the selection of student textbooks, the hiring of instructors, and the maintenance of standards of cleanliness and discipline within the school. She was largely instrumental in obtaining recognition of their school by the Southern Accrediting Association of Business Colleges, and other professional associations, all of which appreciably enhanced the prestige of their institution. She and taxpayer attended conventions of these associations together, as representatives of their school; she always took an active part in these conventions, and thereby kept informed of the latest and most progressive methods of teaching, some of which were later instituted by her. On one occasion during the war, Mrs. Knott met a Major Cope, an army official from nearby Camp Warner Robbins, and informed him that the school could relieve the pressing need for stenographers and typists at that Camp by training such personnel at their school. A contract with the school for this purpose resulted, which increased the income in tuition fees in the amount of approximately $7,680, nearly twice the amount of taxes involved in this suit.

We are of opinion substantial evidence supports the finding of the jury that a valid and bona fide partnership existed between the taxpayer and his wife, which was entitled to recognition for tax purposes. Cf. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; 26 U.S.C.A. Int.Rev.Code, §§ 181, 182, 183. We further do not consider these and other authorities cited by the Collector in conflict with our holding here. Helvering v. Horst, 311 U.S. 112, 117, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Belcher v. Commissioner, 5 Cir., 162 F.2d 974; Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319. The facts of this case bring it clearly within the orbit of Singletary v. Commissioner, 5 Cir., 155 F.2d 207, and the requirements of valid family partnerships for tax purposes, as enunciated by this court in Scherf v. Commissioner, 5 Cir., 161 F.2d 495.

We find no reversible error in the record, and the judgment is therefore affirmed.