**ARNOLD, Collector of Internal Revenue, v. SCHEPPS et al.**

No. 12137.

Circuit Court of Appeals, Fifth Circuit.

March 12, 1948.

Theron L. Caudle, Asst. Atty. Gen., Sewall Key and C. Moxley Featherston, Sp. Assts. to Atty. Gen., and William P. Fonville, Asst. U. S. Atty., of Dallas, Tex., for appellant.

George S. Wright, Richard A. Jennings and Chas. D. Turner, all of Dallas, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves federal income taxes for the year 1944. The question presented is whether the court below committed reversible error in upholding the validity of a family partnership for income tax purposes. This question turns upon whether the evidence was sufficient to furnish a rational basis for the finding of the trial court that the partnership in reality included Olga Mae Schepps, who was the daughter of one of the partners and the sister of the other.

The partnership consisted of three persons: father, son, and daughter. The Commissioner made a determination that the partnership was a reality as to the father and son, but was without substance as to the daughter. The income allocated to the daughter in the partnership return was accordingly assessed to the father and son as their income for the year in question.

In September, 1943, when the father and son owned the business in equal portions, each of them sold a one-fifth of his interest to Olga Mae Schepps, which made the three partners own interests in the firm in the following proportions: 40%, 40%, and 20%, the daughter having the 20% interest. The daughter performed no services for the firm; but, upon becoming a member thereof, she made a contribution of one-fifth of the capital of the new firm, being the undivided interest in the assets which she bought from her father and brother and paid for by the delivery to them of two notes of $20,000 each, executed by her, which notes when executed were worth their face value and were paid when due. Before and at the time of entering the firm, the daughter owned hotel stock and other property the annual income from

which amounted to about $2000 in 1943. These and the other facts, we think, were sufficient to warrant the reasonable inference that the parties really intended to join their property in a business venture with all three having a community of interest in the profits and losses.

The decision in this case is controlled by Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 164 A.L.R. 1135, 90 L.Ed. 670, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. See also Thomas v. Feldman, 5 Cir., 158 F.2d 488. The judgment appealed from is

Affirmed.