**ARNOLD, Acting Collector of Internal Revenue, v. GREEN et al.**

No. 13144.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1951.

Russell, Circuit Judge, dissented.

Edward J. P. Zimmerman, Ellis N. Slack, Robert N. Anderson, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Frank B. Potter, U. S. Atty.,

Fort Worth, Tex., O. Morris Harrell, Asst. U. S. Atty., Dallas, Tex., for appellant.

Wentworth T. Durant, William S. Campbell, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment in a family partnership case tried to the court without a jury. Entered after a full hearing and upon findings that the partner taxpayer and his daughters had intended in good faith to form, and had in fact formed, a valid partnership, the collector is here insisting that the findings are wholly erroneous and the judgment may not stand.

■■■ We cannot agree. The partnership, though made with minors, was valid under Texas law.[1] So valid, it was valid, against the claim of the commissioner, unless it was entered into not in good faith but as a sham or pretense. The district judge, upon evidence sufficient to support his findings, has found good faith in law and in fact. We cannot, on this record, set these findings aside as clearly erroneous.[2]

The judgment is
Affirmed.

RUSSELL, Circuit Judge (dissenting).

Without attempting any elaboration of the grounds for my disagreement, I record my dissent from the judgment of affirmance. For present purposes it is sufficient to say that the judgment of the majority sustains the validity of a family partnership for income tax purposes solely upon the point (and indeed there is no other support in the record) that the partnership was valid under Texas law and was entered into in good faith. I think this holding disregards the actual facts in the case and their legal effect.

It is clear to me that the *facts* as found by the Court disclose as a matter of law that there was in this case no "partnership" really formed with a business purpose in view (and I think "business purpose" has a well understood meaning, capable of application in family arrangements as well as otherwise, if technicalities are laid aside), and that the Court was in error in his application of what he deemed to be the law.

The family arrangement here upheld is one between a father and two minor daughters, one 14 and one 19 years of age, who purchased their interests in the business by executing two promissory notes which were subsequently paid from the profits of the interests they purchased. One daughter never performed any services, and the 14 year old daughter, as found by the trial Court, "never has worked seriously for him. While she was going to school, she would go down to answer the telephone, or to file papers." When she finished school she went to work elsewhere. While the paper arrangement might be technically valid under Texas law, I can find in it neither any coming together of the parties for a business purpose, nor any resulting change whatever in what person, or what contributions of capital or services produced the income. Without regard to other features to be considered in determining taxation of income in such instances, I think it clear that these features are essential and ultimately controlling. Where there is no valid basis for any finding other than that the earning accruing to the arrangers is produced only by the same person and the same capital, in the same manner and means as was true before the arrangement was made, there is no basis for taxing a portion of the earnings to the other persons, even though they be called partners.

As I construe the holding of the trial Court, even though finding that the "part-

1. Washington v. Washington, Tex.Civ. App., 31 S.W. 88; Clemmer v. Price, 59 Tex.Civ.App. 84, 125 S.W. 604; Chauncey v. Gambill, Tex.Civ.App., 126 S.W. 2d 775; 23 Tex.Jur., 714, 728, 733, 744; 32 Tex.Jur., 225.

2. Belcher v. Commissioner, 5 Cir., 162 F. 2d 974; Arnold v. Schepps, 5 Cir., 166 F. 2d 821; Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

nership" got "from these two young girls * * * nothing, except two promissory notes payable on demand," that since the parties *intended* to enter a partnership, this should control, and he accordingly as a matter of law, gave effect to the intent. However, the facts referred to, and the others found by the Court, do not authorize the legal conclusion of the Court. A good faith intention to become partners is not controlling unless there be also a good faith intent to join together in the present conduct of the enterprise. Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

This cause should be reversed because of error of law in the light of the facts as found, but even if this be not the proper appraisal of the Court's findings, the findings of fact are clearly erroneous. Reversal should be directed in either instance.